R. A. Nott *v.* Watson, Sheriff, et als.

G. transferred the negotiable note ot N. to M. B. & Co., and took from them their written agreement to hold the note as collateral security for the payment of a debt due by G. to them, and G. transferred that agreement to S.—all having been done before the maturity of the note, M. B. & Co. having been paid the debt due them by G.—*Held :* that S., by virtue of the transfer of said agreement, took the note unaffected by any equities, in relation to it, existing between G. and N.

A PPEAL from the District Court of the parish of Caddo, *Drew,* J.
     *Crain,* for appellant.

Merrick, C. J.   This suit was brought to injoin the execution of a judgment rendered against the plaintiff and in favor of *McKee, Bulkley & Co.,* upon a note given to one *Thomas Gamblin,* now an absentee, as a part of the price of a tract of land.   *Gamblin* sold the land with a full warranty.   It proved, however, to be subject to a certain mortgage, which the plaintiff was apprehensive he would be obliged to pay, and on which suit had been commenced against him, and he has brought this suit to require the holders of the judgment to give security against such incumbrance before proceeding further with the execution issued on the judgment.

In July, 1849, six months previous to the maturity of the note in question, *Thomas Gamblin* indorsed the same and placed it in the possession of *Messrs. Iler & Kline,* the agents of *McKee, Bulkley & Co.,* to secure them the amount of an acceptance of $1000, and such further advances as they might make, and to account to *Gamblin* for the balance.   He took from *Iler & Kline* their written agreement to hold the note for these purposes.   On the 26th day of November, *Gamblin* transferred the receipt of *Iler & Kline* to *F. L. Scogin.*   *McKee, Bulkley & Co.* having been paid the amount due them, out of the proceeds of the judgment, the question presented to us is: whether *Scogin* shall be considered as having acquired the balance due upon the note or judgment out of the regular course of business, and whether the note in his hands is subject to the equities between the plaintiff and *Gamblin ?*

It is not unusual to indorse and deliver commercial paper as collateral security.

By the indorsement and delivery of the note to *Iler & Kline,* the agents of *McKee, Bulkley & Co.,* the legal title to it passed to *Bulkley & Co.*   By the subsequent transfer of the receipt to *Scogin, Gamblin* parted with his equitable interest also in t he note before its maturity.   There was, therefore, nothing left at the maturity of the note upon which the plaintiff's equities could attach, and it has not been shown that *Iler & Kline,* or *McKee, Bulkley & Co.,* or *Scogin* had notice of such equities at the time they became the owners of the note. The paraph " *ne varietur,*" does not convey such notice.

Judgment affirmed.

Spofford, J., recused.