### CITIZENS BANK *v.* J. PAYNE & D. GILMAN.

Where a note was given to a bank for a pre-existing debt; held, that the bank was a bona fide holder for a valuable consideration, but could recover no more than what the evidence showed that debt to be, not the face of the note.

APPEAL from the District Court of the Parish of Jefferson, *Cazabat, J. A. Pitot, Jr.*, for plaintiff.  *E. Hiestand* and *W. F. & J. B. Cotton*, for defendants and appellants.

HOWELL, J.  The facts of this case are these : The defendant, Gilman, having overdrawn his bank account, to the amount of one thousand dollars, offered the note, in suit, for eleven hundred and fifty dollars, at ninety days, made by J. Payne, his co-defendant, to his own order, and endorsed by him, to be discounted, and the proceeds to be applied to the payment of his said over-draft.  The bank refused to discount the note; and, upon being informed of this fact, he requested that the note be retained by the bank, promising, in a few days, to pay the amount of his indebtedness.  Just before the maturity of the note, he called for it, and was informed that it had been put in collection, to which he made no objection.  The note was duly protested, suit instituted, and judgment rendered for one thousand dollars against the defendants in solido, from which they appealed.

The maker urges no defence in this Court, but Gilman, the original debtor to the bank, complains that it was bad faith in the bank to keep

and sue on the note, contending that the only remedy was a direct action to recover the original debt.

We think the facts show that the bank held the note as collateral security, and had the legal right to bring suit thereon *against all the parties* to it, but could recover, upon the evidence, only the amount for which it was held as security.

The bank was a bona fide holder for a valid consideration, as the note was taken as collateral security for a precedent debt. Story on Notes, § 195. The forbearance to collect the preëxisting debts until the maturity of the note, was a sufficient consideration to bind the parties to the note in favor of the bank, as between the latter and the original debtor, Gilman, there was evidently an agreement that the note should be thus held.

Judgment affirmed, with costs.

LABAUVE, J., recused.