No. 116.—PRESIDENT, ETC., OF LOUISIANA STATE BANK v. VALERY GAIENNIE.

A bank taking a note before maturity as collateral security for money loaned, becomes the holder in good faith for a valuable consideration.

The pledgee of a promissory note payable to the drawer's own order and by him indorsed in blank may sue and recover on the note without the indorsement of the pledger.

APPEAL from the District Court, parish of Natchitoches. *Lewis, J* D. Pierson and C. F. Dranguet, for plaintiffs and appellants. Pierson & Levy, for defendant and appellee.

HOWE, J. On the twentieth April, 1860, the defendant, for the accommodation of B. Toledano & Taylor, made his promissory note to his own order for the sum of $10,956 56, dated at New Orleans, and payable three years after date, and indorsed the same in blank. On the thirteenth April, 1861, more than two years before the obligation matured, it was transferred to the plaintiffs, the Louisiana State Bank, as collateral security for three notes of Toledano & Taylor, amounting in all to $35,000, and falling due in 1863.

The notes lastly mentioned being unpaid, the bank instituted suit thereon in New Orleans against Toledano & Taylor, but proceedings were stayed by the voluntary surrender of the latter. The syndic of Toledano & Taylor advertised and sold the note in suit, among others, subject to the rights of the pledgees, and the bank purchased it on the eighth June, 1867. The bank, however, had never given up the note to the syndic, but had already, on the twenty-eighth of March, 1867, instituted this suit upon it against its maker.

In his answer the defendant alleged that he made the note merely for the accommodation of Toledano & Taylor; that they transferred it to the plaintiffs, who had full knowledge of its character as to the respondent; that it was transferred to plaintiffs as collateral security for a discount granted to Toledano & Taylor; that the plaintiffs had brought suit and obtained judgment upon the principal obligation, and had collected the whole or a part thereof; that the note of defendant had been advertised for sale by the syndic of Toledano & Taylor, with the knowledge and consent of the plaintiffs, and that the title and ownership of the same had been retransferred to Toledano & Taylor, and the note being only accommodation paper, had become subject to the equities existing between the latter and the defendant.

There was judgment for the defendant, and the plaintiffs have appealed.

We have stated above the facts which are established by the record. The other allegations of the answer are not proved.

In view of these facts we are of opinion that the plaintiffs are entitled to recover.

In the first place, the very fact averred by the defendant, that he made the note for the accommodation of Toledano & Taylor is import-

ant. He desired to give them credit. He gave them the use of his name to the extent of the amount of the note, and thus enabled them to obtain credit. 7 Ann. 227. The note was then, as alleged in the answer, transferred to the plaintiffs as collateral security, and upon its faith a large discount was obtained, and the evidence shows that this transfer took place long before the note fell due. The plaintiffs thus became holders of the note in good faith, for value, before maturity.

It is contended by the defendant that inasmuch as the note in suit was not indorsed by Toledano & Taylor, the pledge to the bank was not valid under article 3128 of the Civil Code, which provides that "notification of the act of pledge to the person owing the debt pledged shall not be necessary, if the debt is evidenced by a note or other obligation payable to bearer or order, because in that case it will suffice if the note or obligation shall have been indorsed by the person pledging it, *to invest the creditor with the privilege above mentioned.*"

To this we reply that even if the defendant in this case, who has distinctly averred, in his answer, that the note was transferred to plaintiffs, can now question the validity of such transfer; and even if the article quoted has not been repealed by the sweeping provisions of the act of 1855, in reference to the pledge of negotiable notes, yet the article in question does not declare the nullity of the transfer of a note like the one in suit to a pledgee merely because the name of the pledger is not indorsed upon it. It merely declares that such indorsement shall invest the creditor with the privilege provided by article 3124, a privilege on the obligation as against the *other creditors of the pledger.* The liabilities of the maker of the note spring from the rules of commercial law. When, as in this case, the note drawn to the order of the maker is indorsed by him in blank, and before maturity transferred for value to the plaintiffs, the maker can not be heard upon a question which concerns only other creditors of the pledger. Matthews *v.* Rutherford, 7 Ann. 227.

It is further urged that the plaintiffs are not holders for value because they received the note as collateral security only; but the contrary doctrine is well settled. Swift *v.* Tyson, 16 Peters, p. 20; Succession of Dolhonde, 21 Ann. p. 3.

And in such a case as this, where there is no evidence that the principal obligation has been discharged even in part, the rights of the plaintiffs are for all practical purposes the same as they would have been if plaintiffs had purchased the note before maturity.

For the reasons given, it is ordered and adjudged that the judgment appealed from be avoided and reversed, and that the plaintiffs do have and recover from the defendant the sum of ten thousand nine hundred and fifty-six dollars and fifty-six cents, with interest at the rate of eight per cent. per annum from April 23, 1863, till paid, and costs in both courts.