## No. 6167.

### JULES DUCASSE VS. J. C. KEYSER AND HUGH McKENNA.

The plaintiff purchased by notarial act from one Petitjean a note for six hundred dollars, secured by mortgage and made by the defendants, due in two years from its date. In the same act another note of the same parties for the same amount and secured by the same mortgage, due at three years, was transferred as collateral security for the payment of the former. Some time after this transfer and after the maturity of the first note and pledge, the defendants, makers of the said two notes, made a notarial pledge or transfer to plaintiff of a judgment in their favor as further collateral security for the payment of the said first-mentioned note. Neither of the notes is indorsed by the payee and transferrer. This suit is instituted on the two notes and the notarial act of transfer and pledge.

There can be no doubt that the plaintiff was entitled to judgment on the first note, and the only question is as to the correctness of the nonsuit in the court a qua on the second note, held merely as collateral security.

As to the objection that the notes were not indorsed, the notarial act had as much effect as the indorsement of the payee could have.

In this instance, the second note being intended to secure the principal debt evidenced by the first note, the sale to pay the principal debt, or the first of the two notes, must necessarily be made to pay the pledged note also, and if there be any surplus the pledger is entitled thereto. If the defendants have any rights as between them and the pledger, they can be settled hereafter in a proper proceeding between the proper parties, and their rights in this respect will be reserved.

The plaintiff is entitled only to the principal debt—the first note at two years for six hundred dollars, interest, and costs—but to get that it is necessary to sell the mortgaged property, and it must be sold to meet the notes unpaid.

APPEAL from the Seventeenth Judicial District Court, parish of Natchitoches. *Chaplin, J. Jack & Pierson,* for plaintiff and appellant. *Cunningham, Chaplin & Cunningham* for defendants and appellees.

HOWELL, J. The plaintiff has appealed from that part of the judgment of the lower court in this case which dismissed his demand as of nonsuit on one of the notes sued on. The defendants pray for an amendment of the judgment.

The material facts are that plaintiff purchased, by notarial act, from one Petitjean a note for six hundred dollars, secured by mortgage, and

made by the defendants, due in two years from its date. In the same act another note, of same parties, for same amount, and secured by same mortgage, due at three years, was transferred as collateral security for the payment of the former. Some time after this transfer and pledge, and after the maturity of the first note, the defendants, makers of said two notes, made a notarial pledge or transfer to plaintiffs of a judgment in their favor as further collateral security for the payment of the said first-mortgage note. Neither of the notes is indorsed by the payee and transferrer. This suit was instituted on the *two notes* and the notarial act of transfer and pledge. The defense, by exception and answer, is that the transfer and pledge is not legal, because the notes are not indorsed, and defendants have equities as against the makers, and no judgment should be rendered on the pledged note under the circumstances and at the same time as on the principal demand.

In the act of transfer and pledge, which is anterior to the maturity of either note, the payee transferred specially to the plaintiff " all his rights, actions, privileges, and mortgages against the said J. C. Keyser and Hugh McKenna, in the act of mortgage aforesaid, subrogating said Jules Ducasse to said rights and actions, privileges, and mortgages, to be by him enjoyed and exercised in the same manner as they might have been by the said François Petitjean, transferrer."

There can be no doubt that plaintiff was entitled to judgment on the first note, and the only question which it is necessary for us to decide is as to the correctness of the nonsuit on the second note, held merely as collateral security. The notarial act had as much effect as the indorsement of the payee would have.

Article 3170 of the Revised Civil Code declares: " If the credit which has been given in pledge becomes due before it is redeemed by the person pawning it, the creditor, by virtue of the transfer which has been made to him, shall be justified in receiving the amount, and in taking measures to recover it. When received, he must apply it to the payment of the debt due to himself, and restore the surplus, should there be any, to the person from whom he held it in pledge."

In this instance, the note pledged being one of a series secured by the mortgage securing the principal debt, the sale to pay the principal debt, or the first of the two notes, must necessarily be made to pay the pledged note also, and if there be any surplus, the pledger is entitled thereto. If the defendants have any rights as between them and the pledger, their vendor, they can be settled hereafter in a proper proceeding between proper parties, and their rights in this respect will be reserved. The plaintiff is entitled only to the principal debt, the note at two years for six hundred dollars, interest, and costs; but to get that it is necessary to sell the mortgaged property, and

it must be sold to meet the notes unpaid. The defendants do not question the right of the plaintiff, a third holder before maturity, to be paid the amount thereof. They resist his right to a judgment for the amount of the two notes. We think he should have judgment only for the amount due him, as equities are set up, and will correct the judgment of nonsuit, so that he may have the right to recover from the proceeds of the property the whole amount of his claim in case it should not sell for enough to extinguish both notes. In any contingency, he must recover the whole amount of his claim.

It is therefore ordered that the judgment of nonsuit on the second note be reversed, and that plaintiff's right to be paid out of the proceeds of the mortgaged property, when sold, the whole amount of his claim be enforced, and that the rights of the defendants to the surplus, if any, for equities, be reserved, costs of appeal to be paid by appellees.

Rehearing refused.