ROGERS, J.
 

 Plaintiff, as the holder for value before maturity, brought this suit to recover $3,200, the amount of seven promissory notes, interest, and attorney’s fees. The notes were made by defendant to the order of the Gerson Realty Company, Inc., financial agents.
 

 Defendant answered, admitting that plaintiff “may be the holder” of the notes, but denied that he had acquired them in due course for value and before maturity. 1-Ie averred that the notes were issued by him in payment of stock to the value of $4,000 in the St. Mary Co-operative Farm & Orchard Association upon fraudulent misrepresentations of H. S. Gerson, the general manager of said
 
 association.
 
 He alleged that the Gerson Realty Company, Inc., had borrowed $2,500 from plaintiff, in consideration for which Gerson caused to be issued to plaintiff $6,-000 worth of stock in said St. Mary Co-operative Farm & Orchard Association, and, as apparently an auxiliary security, that said realty company would sell at par for account of plaintiff $2,500 of this stock and thus repay the loan; said realty company further pledged to plaintiff the notes of defendant, which the general manager of said realty company had obtained through fraud. He set up that the real consideration of the loan by plaintiff to the realty company was the transfer to him of the $6,000 of stock in St. Mary Co-operative Farm & Orchard Association, and that the pledge of said notes was for the purpose of defeating the de
 
 *301
 
 fense which defendant could urge against their enforcement. He averred that in the light of the facts surrounding the negotiation by pledge of the said notes, plaintiff is not prima facie a holder in due course as defined in section 52 of Act 64 of 1904 (the Negotiable Instrument Act); but that, under section 59 of said act, the burden is upon plaintiff to prove his title.
 

 After the submission of the cause, but before judgment was rendered in the court below, defendant died, and his executors were made parties to the pending suit.
 

 The court below rendered judgment in favor of plaintiff, and against the executors of the succession of Joseph S. Codifer in the sum of $2,450, with 5 per cent, per annum interest thereon from August 16, 1915, until paid, together with 10 per cent, on principal and interest as attorney’s fees and costs.
 

 The defendant succession appealed suspensively from said judgment, and plaintiff has answered the appeal praying for an amendment of the judgment so as to award him full amount for which he sued.
 

 On the trial of the ease, plaintiff’s counsel objected to the admission of any testimony on the general ground that defendant had admitted in his answer that plaintiff was the holder in due course for value and before maturity of the notes sued on. The objection was overruled by the district judge. We think this ruling was correct. The answer, construed as a whole, admitted that plaintiff was the holder of the notes, but it expressly denied that he had acquired them in due course before maturity and for value; and then proceeded to show by averments wherein defendant impugned plaintiff’s title to the notes as not being bona fide.
 

 Counsel for plaintiff also objected to the admission of any testimony against plaintiff’s claim up to the sum of $2,500, which amount, admittedly, had been advanced by plaintiff prior to the maturity of the notes, and as to which amount plaintiff was presumed to be a holder in due course. This objection was referred to the merits. Its discussion, therefore, is involved in the consideration of the merits of the case.
 

 It is undisputed that the notes sued on were pledged to plaintiff in accordance with the following agreement, viz.:
 

 “Received from the Gerson Realty Company, Inc., the following notes, which said notes have been pledged to me by the Gerson Realty Company as security, that they will sell for me at par stock to the amount of $2,500 in the St. Mary Co-operative Farm & Orchard Association, Inc. •
 

 “Seven notes of J. S. Codifer, dated New Orleans, La., June 9, 1915, one payable 90 days after date, for $200; the other six for $500 each, payable respectively 6, 12, IS, 24, 36 months after date. [Then follows the description of the notes of four other persons, aggregating $1,800.]
 

 “All of which notes are payable to the order of the Gerson Realty Company, Inc., financial agents.
 

 “I agree to hold these notes in pledge until the entire amount of the above designated stock is sold and paid for. I further agree that as said stock is sold and payment therein made to me, whether all be sold at one time or on different occasions, I will surrender notes pledged to me up to the amount of payments made. I will hold the remaining portion of said notes until the entire stock is paid for, at which time I will surrender all of the said notes which may be left in my possession.
 

 “New Orleans, La., August 16, 1915.
 

 “[Signed] A. Steeg.”
 

 The Gerson Realty Company, Inc., failed to sell $2,500 of plaintiff’s stock in the St. Mary Co-operative Farm & Orchard Association, Inc., and repay .him the $2,500 which he had advanced, and which was secured by the aforesaid pledge, hence the present suit to enforce payment of defendant’s notes.
 

 It is shown by the evidence in the record that Codifer, the defendant, executed the notes sued upon, and subscribed' to the stock for which said notes were given upon the representations, orally and in writing, of Gerson as general manager of the St. Mary Co-operative Farm & Orchard Association, that he, Codifer, was to be placed on
 
 *303
 
 the board of directors of said association, and to be made assistant general manager thereof, at a salary of $125 per month, and a commission of 2% per cent, upon all transactions. That shortly after the execution of the notes he ascertained that Gerson had no authority to make any offer of employment or salary to him, or to place him on the board of directors of the said association, and the agreement was never carried out.
 

 As between the maker and payee of said notes it is clear, therefore, that the defense of fraudulent misrepresentation has been established. This being true the burden rested upon plaintiff to prove good faith and want of knowledge of such equities. Neg. Ins. Law, § 59; Appalachian Corp. v. Ayo, 145 La. 201, 82 So. 89. We think, however, that the plaintiff has successfully carried the. burden and proved that he was a bona fide holder for value before maturity and without notice of the fraud practiced upon defendant.
 

 Plaintiff undoubtedly advanced the $2,500 as alleged. This is established by the testimony of plaintiff himself, and of Joseph H. Pasquier and by plaintiff’s canceled check containing the proper indorsement. This advance was made and secured by the pledge of the notes, and not by the pledge of the $6,000 worth of stock.
 

 No evidence was offered on the part of defendant tending to show that at the time plaintiff issued said cheek he had any knowledge of the equities existing between defendant and the payee of the notes. On the contrary, defendant testified positively that he had no knowledge or proof that plaintiff had any knowledge, at the time or subsequently thereto, of the agreements,, oral and written, entered into between Codifer and Gerson, by which Codifer was induced to execute the notes herein sued on. And plaintiff, sworn in his own behalf, denied that he had any such knowledge.
 

 Plaintiff, therefore, as the holder (pledgee) of the notes in due course for value and before maturity, was expressly authorized to take the necessary measures to enforce the payment thereof. Rev. Civ. Code, art. 8170; Succn. of Dolhonde, 21 La. Ann. 3; Ducasse v. Keyser & McKenna, 28 La. Ann. 419; Chaffe & Sons v. DuBose, 36 La. Ann. 258; McDonald v.. Harkness, 146 La. 920, 84 So. 205. But only to the extent of his debt is he entitled to the rights of a bona fide holder. The fundamental difference between a holder for value and a holder as collateral security, so far as recourse against the maker is concerned, is that the former may recover in full, and the latter, if there be equities, is restricted to the extent of his advances. Matthews v. Rutherford, 7 La. Ann. 225; King v. Gayoso, 8 Mart. (N. S.) 370; Nott v. Watson, 11 La. Ann. 664; Bank v. Payne, 18 La. Ann. 222, 89 Am. Dec. 650; Bank v. Gaiennie, 21 La. Ann. 555; Gardner v. Maxwell, 27 La. Ann. 561; Mechanics’ Bldg. Assn. v. Ferguson, 29 La. Ann. 548; Hincks v. Converse, 38 La. Ann. 873; Fidelity & Deposit Co. v. Johnston (On Rehearing) 117 La. 889, 42 So. 357.
 

 It is shown by the testimony that plaintiff, notwithstanding diligent effort, has been unable to realize on any of the other pledged notes save the one of A. M. Netter for $50, which he was able to collect. The other notes are apparently uncollectible.
 

 We think, therefore, that the judgment of the court below is correct, in so far as it was in plaintiff’s favor for the amount of his debt (less the $50 collected on the Netter note), interest, and attorney’s fees. Plaintiff should be made whole for the amount of his advances, and for that reason is entitled to the necessary attorney’s fees incurred for that purpose.
 

 But, in our opinion, when defendant discharges said indebtedness he is entitled to receive from plaintiff $2,450 of stock of
 
 *305
 
 the St. Mary Co-operative Farm & Orchard Association. The intent and effect of the agreement- between Gerson and plaintiff is that the former would sell $2,500 of the stock to repay the loan of that amount, and that the latter would then retain $3,500 to pay him for the services which he testified he had rendered Gerson. The effect of the judgment herein rendered, when satisfied, is to carry out pro tanto the agreement between plaintiff and Gerson. We think this can be allowed defendant under his prayer for all general and equitable relief.
 

 For the reasons assigned, it is ordered that the judgment appealed from be amended, so as to read, after the words “and for all costs,” as follows, viz.: And upon the satisfaction and discharge in full of the amount of said judgment, interest, attorney’s fees, and costs by the said executors of the succession of Joseph S. Codifer, the said plaintiff, Aaron Steeg, shall and he is hereby ordered to issue to the said executors $2,450 of the stock of the St. Mary Co-operative Farm & Orchard Association, Inc., held by him. As thus amended, the judgment appealed from is affirmed. Plaintiff and appellee to pay costs of appeal.