150 So.2d 73 (1963)
William J. REIN, III
v.
Hattie Mae McFARLAND, Wife of/and Nathan MERRIELL, Jointly and in Solido.
No. 906.
Court of Appeal of Louisiana, Fourth Circuit.
February 4, 1963.
Rehearing Denied March 4, 1963.
Donald S. Klein, New Orleans, for plaintiff-appellant.
Brierre & Stephenson, New Orleans, for defendants-appellees.
Before REGAN, YARRUT and HALL, JJ.
LUTHER E. HALL, Judge.
Defendants, the makers of a mortgage note, sought to enjoin foreclosure proceedings brought thereon by plaintiff who had *74 purchased the note from the mortgagee. From a judgment in defendant's favor granting a preliminary injunction plaintiff prosecutes this devolutive appeal.
The record reveals, and it is conceded, that there was a complete failure of consideration for the note and that other equities existed between the makers and the mortgagee which would prevent enforcement of the note by the mortgagee.
The sole question presented by this appeal is whether plaintiff is a holder in due course and as such not bound by such equities.
Defendants, ignorant persons of color, entered into a contract on January 25, 1961 with one Herbert Denmark, a contractor, through one of his agents, to make improvements to their home. This contract provided for a consideration of $4,490.00 payable upon completion of the work at the rate of $68.00 per month until paid.
The next day, January 26, 1961, defendants were requested by Jack Mulvehill, an attorney and notary of New Orleans, to come to his office to sign further papers which they understood were required by the contractor, Denmark, in order to prevent them from backing out of the contract if they should become dissatisfied with the work to be performed. The papers which they actually signed, they soon learned to their sorrow, were the demand note for $4,830.00 and mortgage under which the foreclosure suit was brought by plaintiff.
The record shows that the defendants are semi-illiterate negroes. They are unable to read although they are capable of signing their names. They testified that the notary, Mulvehill, read nothing to them nor did he explain what they were signing, and they had no idea they had signed a note and mortgage until demand for payment of the note was made by the plaintiff, Rein, shortly thereafter.
On January 25th, the day the defendants entered into the contract for improvements, Mulvehill called the plaintiff, Rein, on the telephone and told him that he was going to pass a $4,000.00 mortgage the following day for a contractor who was desperately in need of money and who wanted to sell the note for $2,500.00. Mulvehill told Rein that the contractor had to have $2,500.00 immediately with which to buy materials in order to keep in business, and suggested to Rein that he purchase the note.
The following day, shortly after defendants had signed the note and mortgage, Rein went to Mulvehill's office where he met Denmark, the contractor-mortgagee, and purchased the $4,380.00 note from him for $2,500.00 making payment in $100.00 bills which Rein testified he had withdrawn for that purpose from a homestead account standing in his name.
The work called for by defendant's contract with Denmark was never done; in fact, it was never even commenced. Denmark disappeared and criminal charges were filed against him by the defendant's attorneys.
Mulvehill had represented Denmark as attorney and notary since July 9, 1960 and was thoroughly familiar with his operations. He had prepared the form of construction contract which Denmark caused to be printed and which he used in his business. The contract which defendants signed was on this printed form. It contained the following printed clauses: "all of the above work to be done for the total sum of _____ Dollars payable in cash, net upon completion of the work. To facilitate payment the owner agrees to permit contractor or assignee to obtain a loan from him through a dependable source at payments of $_____ per month for _____ months with or without mortgage * *".
The record is uncontroverted that Mulvehill knew that no payment was to be due under the construction contracts until all work was completed and then the contract price was to be financed in installments of so much per month. Moreover, defendants testified that their signed contract was lying in full view on Mulvehill's desk *75 when he passed the mortgage. Yet before any work under the contract was commenced Mulvehill prepared and had defendants sign a mortgage note payable on demand for the full contract price without any provision being made for installment payments.
The plaintiff, Rein, is likewise a New Orleans attorney. He and Mulvehill were class-mates at law school and graduated together in 1959. They shared office space at one time and Mulvehill assisted him in at least one piece of legal business. They were close friends.
Rein had known Denmark socially for some time prior to his purchase of the note, had visited him at his home, and knew the type of business he was engaged in. Rein was aware of this type of transaction prior to January 26, 1961. He knew of Denmark's construction contracts and the fact that the notes representing the contract price were frequently sold. He knew the source of the note and the reason for the note. He also knew that Denmark was desperately in need of money to be able to continue in business. He knew that Denmark had been losing money, having been told that by Mulvehill.
We are of the opinion that the facts and circumstances of this case were sufficient to put the plaintiff on inquiry, if indeed he did not have actual knowledge of the infirmities of the note.
It is well settled that express notice of any defect or infirmity in a negotiable note is not indispensable to destroy the good faith of a holder, but it will be sufficient if the circumstances are of such a character as necessarily to put a holder on inquiry, and he is bound by what his inquiries would have revealed. See LSA-R.S. 7:56; Collins v. Magee, 15 La.App. 66, 130 So. 267, 269.
Moreover when the maker of a negotiable note establishes a failure of consideration the burden shifts to the holder of the note to show that he obtained it without knowledge of the possible infirmities. Commercial Credit Corporation v. Setliff, La.App., 44 So.2d 167; Jefferson Securities Corporation v. Walsh, La.App., 134 So.2d 107; Foster v. Washington, La.App., 105 So.2d 741; Liberal Finance Westwego, Inc. v. Haughton, La.App., 143 So.2d 245.
The District Judge found that plaintiff was not a holder in due course and we agree with his conclusion.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.