217 So.2d 461 (1968)
BAKER BANK & TRUST COMPANY
v.
Maurice Hollman BEHRNES et al.
No. 7483.
Court of Appeal of Louisiana, First Circuit.
December 16, 1968.
Rehearing Denied January 27, 1969.
William C. Bradley, Baker, for appellant.
George S. Womack, Douglas M. Gonzales, Baton Rouge, for appellees.
McCollister, Belcher, McCleary & Fazio, Baton Rouge, amici curiae.
*462 Before LOTTINGER, ELLIS and BAILES, JJ.
ELLIS, Judge.
This is a suit on a note. Defendants entered into a building contract with Brownfield Building Materials, Inc. for the construction of a home on their property for the price of $11,390.00. A few days later, Brownfield requested, and defendant executed, the note sued on in this case: a bearer note, payable on demand, in the amount of $11,400.00. Defendants testified that it was their understanding that the note was not to be negotiated by Brownfield.
Brownfield pledged the note to the plaintiff bank as security for its hand note in the sum of $10,500.00, the amount sued for herein.
Construction was started on the house but was never completed. The district court found that the value of the improvements was $3,572.36. Liens totalling $1,387.45 were filed against the property, leaving a net value to defendants of $2,184.91 for the work done by Brownfield.
Shortly after making the loan, Brownfield went into bankruptcy and plaintiff was unable to collect any part of the amount due on the note. This suit followed.
The lower court found that the bank held the note as a pledge, and consequently could have no better right against the maker than could the pledgor. He gave plaintiff judgment for $2,184.91, which he found was the total amount that Brownfield could have recovered from defendants. From that judgment, plaintiff has appealed.
According to R.S. 7:191, the possessor of a note payable to bearer is a "bearer", and a bearer is a "holder". The transfer of its possession to the pledgee is the only formality required to pledge a negotiable note. Article 3158, Civil Code. The pledgee of a bearer note is, therefore, a holder thereof by definition. If he satisfies the requirement of R.S. 7:52, he is a holder in due course of the note.
In such a case as this, in which there are valid defenses available to the original maker against the pledgor, the pledgee or holder of the note can enforce collection only to the extent of the primary obligation, and then only if he is a holder in due course. Steeg v. Codifer, 157 La. 298, 102 So. 407 (1924); Bank of Minden & Trust Co. v. Baron, 178 La. 1023, 152 So. 746 (1934).
R.S. 7:52 provides as follows:
"A holder in due course is a holder who has taken the instrument under the following conditions:
"(1) That it is complete and regular upon its face;
"(2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;
"(3) That he took it in good faith and for value;
"(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."
Our review of the testimony shows that the money was advanced to Brownfield in one of a series of similar transactions between it and the bank. The bank received, *463 in connection with the loan, the note sued on, a letter of commitment for permanent financing of the house, a title letter from an attorney, and a copy of the mortgage securing the note. There appears to be nothing about the transaction calculated to arouse the suspicions of the lender.
Defendant argues that the bank knew that construction had not begun, and that this circumstance was sufficient to put the bank on notice of the existence of the defense of failure of consideration, citing R.S. 7:56 and Rein v. Merriell, 150 So.2d 73 (La.App. 4 Cir. 1963). If this argument were accepted, then no one advancing money for construction could ever be in good faith, since the money necessarily must be available before the construction can begin.
Neither can we accept the argument that the intention of the parties controls whether there is a pledge or a negotiation of the note. We have already found that a pledgee of a negotiable instrument is a holder thereof by operation of law.
We find that the bank has proved by a preponderance of the evidence that it had no notice of the infirmity in the note when it took the pledge, and that it took it in good faith and for value. Since it is a holder in due course, the defense relied on by defendants cannot be urged against it.
The judgment appealed from is, accordingly, reversed, and there will be judgment in favor of plaintiff and against defendants in the sum of $10,500.00, with interest at the rate of 8% per annum from September 7, 1965, until paid, and 10% additionally as attorney's fees and for all costs. All other incidental demands are dismissed.
Reversed and rendered.