CHASEZ, Judge.
The defendant-appellee, Wilfred Berthe-lot, Jr. was engaged in selling insurance under an agreement with the Montaldo Insurance Agency, Inc. (Montaldo Agency herein). Berthelot became indebted to Montaldo Insurance Agency, Inc. in the amount of $1,602.12 for outstanding accounts owed by third party insurance recipients. Berthelot then executed a note payable to Montaldo Insurance Agency, Inc. in the amount of $1,602.12.
Montaldo Insurance Agency, Inc. was having its own financial difficulties and it owed a considerable sum to New Orleans General Agency, Inc., plaintiff-appellant herein. In consequence of that debt the Montaldo Agency executed on February 15, 1964 a document entitled “Pledge and/ or Assignment of Accounts Receivable” in favor of the New Orleans General Agency, Inc.
*749 Under this transaction the Montaldo Agency agreed to pledge and/or assign all of the accounts receivable due to Mon-taldo Agency, including the note in question.
The note was negotiable and payable to the order of Montaldo Insurance Agency, Inc. and was by it endorsed in blank prior to giving it to the New Orleans General Agency, Inc. under the transaction just described.
After the note was in the hands of the New Orleans General Agency, Inc., the maker, Berthelot, paid $602.12 in cash to the Montaldo Insurance Agency, Inc. His account was also credited for amounts totaling more than the remaining amount due, $1,000.00, as the third parties who received policies paid the Montaldo Agency for them.
The Montaldo Agency paid nothing on its indebtedness to the New Orleans General Agency, Inc. and on June 16, 1966, the New Orleans General Agency, Inc. brought suit as a holder in due course against the maker, Berthelot, for the full amount of the note, $1,602.12.
The maker raised the defense of payment. He argues to this court that the note was assigned rather than pledged and as an assignee the New Orleans General Agency, Inc. is not a holder in due course and in fact has no greater rights than its assignor, the Montaldo Agency.
The New Orleans General Agency, Inc. argues that the note was pledged, that it is a holder in due course and that the defense of the maker, Berthelot, is not good as against it.
From a judgment in favor of the maker, Berthelot, the plaintiff, New Orleans General Agency, Inc. has appealed.
The note was rendered “bearer” paper when it was endorsed in blank by the Montaldo Agency. LSA-R.S. 7:34. The note was negotiated to appellant by delivery, under the agreement, before maturity. The value given by New Orleans General Agency, Inc. was a forebearance not to sue the Montaldo Agency. New Orleans General Agency, Inc. was in good faith in that it knew nothing of the reason why Berthelot executed the note in favor of the Montaldo Agency. There is nothing in the record to indicate that the New Orleans General Agency, Inc. is not a holder in due course if the note was pledged.
A pledgee of a note may be a holder in due course. Baker Bank & Trust Company v. Behrnes, La.App., 217 So.2d 461 (1st Cir. 1968); In re Canal Bank & Trust Co., 186 La. 366, 172 So. 421 (1937); Steeg v. Codifer, 157 La. 298, 102 So. 407 (1924).
Therefore our only question is whether the note was assigned or whether it was pledged.
This court is of the opinion that the note was pledged rather than assigned. LSA-R.S. 9:3101(1), the Accounts Receivable Law, defines an “Account Receivable” as follows:
“ ‘Account receivable’ or ‘Account’ means and includes any indebtedness or part thereof due to, arising out of, or acquired in connection with any business, profession, occupation or undertaking of the assignor, other than indebtedness due to, arising out of, or acquired in connection with claims in tort or indebtedness evidenced either by a promissory note or notes or by any other instrument creating a security right in said indebtedness.” (Emphasis supplied)
It is apparent that promissory notes are not governed by Accounts Receivable law and must therefore be governed by the Negotiable Instruments law and the laws of Pledge.
Notice to the maker that the note was pledged is not necessary, LSA-C.C. art. 3158 states in pertinent part:
“When a debtor wishes to pledge promissory notes, * * * he shall *750 deliver to the creditor the notes, * * * pledged, and such pledge so made shall without further formalities, be valid as well against third persons as against the pledger thereof, if made in good faith, provided that where the pledge is of instruments not negotiable, the debtor must be notified thereof. * * * ”
The possessor of “bearer” paper is a holder, R.S. 7:191, and if he satisfies all the requirement of R.S. 7:52 is a holder in due course.
As a holder in due course, New Orleans General Agency, Inc. was not required to notify Berthelot that it held the note and Berthelot’s payment to the Montaldo Agency, after the Montaldo Agency was no longer a holder or payee, does not affect the rights of New Orleans General Agency, Inc. as against the maker, Berthelot.
For the foregoing reasons, the judgment in favor of the defendant, Wilfred Berthe-lot, Jr. and against the plaintiff, New Orleans Agency, Inc., dismissing plaintiff’s suit at its costs is reversed and judgment is rendered in favor of plaintiff, New Orleans General Agency, Inc., against the defendant, Wilfred Berthelot, Jr., in the amount of $1,602.12, with interest at the rate of 6% per annum from December 30, 1963 until paid, plus 10% of the total principal and interest as attorney’s fees and for all costs, including the costs of this appeal.
Reversed and rendered.