PICKETT, Judge.
This is a suit on a promissory note. The plaintiff, Cahn Bros, and Redmond, Inc., alleged that it is the holder and owner in due course of a promissory note executed by the defendant, Lurey Terrebonne, in favor of Norbert Gisclair in the principal sum of $3,352.45, on July 1, 1966, with interest at the rate of six per cent per an-num from maturity, until paid, together with fifteen per cent attorney fees on both unpaid principal and interest.
The defendant filed an answer alleging that plaintiff is not a holder of said note in due course. After a trial on the merits, the lower court held that plaintiff was a holder in due course and rendered judgment in favor of plaintiff as prayed for. The defendant has appealed devolutively.
*172 The trial court, in his Reasons for Judgment, has stated the issues in this case as follows:
“In addition to the exhibits entered in stipulation, plaintiff called the defendant under cross-examination and the defendant admitted that he had made no payments on the note. Whereupon, plaintiff rested his case.
“Lurey Terrebonne’s defense to this suit is basically that the plaintiff was not a holder in due course of the note of July 1, 1966 because at the time it was endorsed and transmitted to plaintiff by Norbert Gisclair, to be credited to his account with plaintiff, plaintiff was aware that Norbert Gisclair had failed “in his obligations as the contractor to defendant, and consequently, the consideration for the note had failed and plaintiff was not a holder in due course as defined by the Negotiable Instrument Law. Defendant contended that plaintiff was therefore subject to any defense which defendant may have against Norbert Gisclair. The sole issue then before the court, is the determination of whether Cahn Bros, and Redmond, Inc. was a holder in due course of the note sued upon. If so, it has a valid suit against defendant, since he admitted under oath that he had not paid the note and plaintiff would be entitled to judgment for the amount plus interest and attorneys fees.”
LSA-R.S. 7:52 defines a holder in due course as follows:
“A holder in due course is a holder who has taken the instrument under the following conditions:
(1) That it is complete and regular upon its face;
(2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;
(3) That he took it in good faith and for value;
(4)That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.”
The evidence shows that the defendant entered into a building contract with Norbert Gisclair to construct a tourist court sometimes referred to as “Bason’s Motel,” in Galliano, Louisiana. The contract was reduced to writing, but was never recorded and no performance bond was required of the contractor. Mr. Norbert Gisclair, who was called as a witness by the defendant, testified that he completed the' motel building as provided for in the original contract. But that in addition to completing the building according to the terms and conditions of the contract, he furnished extra material and labor for which the defendant gave him the note involved in this litigation. The defendant admitted that he gave the note to Mr. Gisclair for the extra material and work. Furthermore, Mr. Gis-clair testified that when he had the settlement with the defendant, he did not tell him that he owed for material used in the building, and labor performed in connection therewith. Mr. Gisclair, while testifying as a witness for defendant, was asked the following question by defendant’s attorney:
“When Mr. Terrebonne gave this note to you, did you tell him at that time that you owed money to the material men and suppliers for the work done on the motel?”
To which question Mr. Gisclair replied:
“I have never told him because I was in trouble, you know. I needed money and trying to pay my bills and trying to make it.”
The testimony of both the appellant and Mr. Gisclair is to the effect that the note was given for extra work performed by Mr. Gisclair, and not as a consideration for the original contract. Mr. Gisclair said he performed the extra work prior to the time the note was given to him; and his testimony was not rebutted. Therefore, *173 we must conclude that there was a valid consideration for the initial issuance of the note.
The defendant contends the plaintiff took the note knowing Gisclair was in trouble in paying suppliers on the Bason’s Motel job. Defendant argues that Norbert Gisclair owes him more than the amount of the note, and is in no position to collect the note from him. Based on this premise, he contends that plaintiff knowing of the infirmities of the note is in no better position than Gisclair, the original payee, to collect the note. The note was executed on July 1, 1966. It was endorsed to plaintiff not later than July 12, 1966, at which time Mr. Gisclair tendered the note together with a letter of transmittal to plaintiff to apply on his account. Fernand J. La-nusse, a salesman for the plaintiff, testified that Mr. Gisclair gave him the note to apply on his account; and that he turned the note over to the plaintiff’s credit department for that purpose. Mr. Raymond J. Brown, the bookkeeper and credit manager of the plaintiff corporation, said he credited Norbert Gisclair’s account with the note. Therefore, we concur in the conclusion of the trial court that the plaintiff gave value for the note.
There was no evidence of bad faith. Therefore, good faith is presumed. Having found that there was value for the note, the only remaining question is whether the plaintiff had notice, at the time it received the note, of an infirmity or defect. LSA-R.S. 7:56 defines these terms as follows:
“To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith.”
We have carefully examined the evidence, and we concur in the finding of the trial court that the evidence fails to show that the plaintiff had “actual knowledge” of any infirmity or defect in the note at the time it received the note within the meaning of LSA-R.S. 7:56. Baker Bank and Trust Company v. Behrnes et al., 217 So.2d 461, decided by this court on December 16, 1968, is factually somewhat similar to the instant case. In that case the Court held:
“Defendant argues that the bank knew that construction had not begun, and that this circumstance was sufficient to put the bank on notice of the existence of the defense of failure of consideration, citing R.S. 7:56 and Rein v. Merriell, 150 So.2d 73 (La.App. 4 Cir. 1963). If this argument were accepted, then no one advancing money for construction could ever be in good faith, since the money necessarily must be available before the construction can begin.”
“We find that the bank has proved by a preponderance of the evidence that it had no notice of the infirmity in the note when it took the pledge, and that it took it in good faith and for value. Since it is a holder in due course, the defense relied on by defendants cannot be urged against it.”
The trial court in his Reasons for Judgment has set forth at length his reasons for finding the plaintiff is the holder in due course of the promissory note sued upon. After a careful examination of the evidence and the law applicable thereto, we concur in the finding of the trial court.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s costs.
Affirmed.