ELLIS, Judge.
This is a suit on three promissory notes by Jesse Guitreau and his wife, Elvenia Guitreau, against John L. Kinchen, Leonard Kinchen, Jr. and Farley Ben Kinchen, in their capacities as co-provisional administrators of the Succession of Leonard Morgan Kinchen. After trial on the merits, judgment was rendered dismissing plaintiffs’ demand, and they have appealed.
The first note is in the principal sum of $100,007.77, dated January 4, 1974, payable on demand to the order of “myself”, and is signed and endorsed in blank by Leonard Kinchen. It provides for 10% interest and 25% attorney’s fees, and is payable at First National Bank in Denham Springs, Louisiana. The note and a collateral mortgage on certain real estate were prepared by Mary Margaret Millet, a legal secretary, at the request of Mr. Kinchen. He executed the note and mortgage at Mrs. Millet’s home, and Mrs. Millet signed the mortgage on behalf of any future holders of the note. The mortgage was never notarized and the note never paraphed for identification therewith. However, the note is fully described in the mortgage as to amount, date, and how and where payable.
The circumstances surrounding the execution of the $100,007.77 note make it clear that Mr. Kinchen intended it to be a collateral mortgage note and not a direct obligation. A mortgage may be made by private act, under the provisions of Article 3305 of the Civil Code. The identity of a note with the mortgage securing it can be shown by circumstantial and parol evidence, in the absence of a paraph. See U-Finish Homes, Inc. v. Lanzl, 202 So.2d 339 (La.App. 1st Cir. 1967) and cases cited therein.
The second note is for $50,000.00, dated January 4, 1974, payable on demand to the order of “myself”, and is signed and endorsed in blank by Leonard Kinchen. It is paraphed for identification with an act of collateral chattel mortgage executed before Duncan S. Kemp, III, Notary Public, and dated January 4, 1973.
The third note is for $45,000.00, dated January 4, 1974, payable on demand to the order of “myself”, and is signed and endorsed in blank by Leonard Kinchen. It is paraphed for identification with a collateral chattel mortgage passed before Arthur W. Macy, Notary Public, on January 4, 1974.
In the case of Allied Mortgage and Development Co. v. Warner, 185 So.2d 635 (La.App. 1st Cir. 1966), we said:
“It is elementary that a collateral mortgage does not create or represent a debt itself, but rather is a useful and common device for the securing of direct obligations, normally represented by a hand note.”
Since all of the notes sued on could only be used as collateral by Mr. Kinchen, *318 the delivery thereof to Mrs. Guitreau must be considered as a pledge thereof. Article 3158, Civil Code; Baker Bank & Trust Company v. Behrnes, 217 So.2d 461 (La.App. 1st Cir. 1968). Under Article 3136 of the Civil Code, “Every lawful obligation may be enforced by the auxiliary obligation of pledge”. Therefore, plaintiffs are entitled to recover on the notes only to the extent that Mr. Kinchen may have been indebted to them.
The record reveals that Mr. Kinchen resided in the plaintiffs’ home for the last seven or eight years of his life. During this time, Mrs. Guitreau acted as companion, cook, secretary, bookkeeper and chauffeur for Mr. Kinchen, according to her testimony. Other members of the family also performed services for him. Other than describing these services in general terms, there is no evidence as to the extent or value thereof.
Defendants put on evidence that showed payments made by Mr. Kinchen to, or for the benefit of, the Guitreaus, during the last three years of his life, in excess of $40,000.00. The evidence further shows that the Guitreaus were in financial difficulty when Mr. Kinchen came to live with them. At the time of his death, Mrs. Gui-treau had over $10,000.00 on deposit in a savings account; owned a one-half interest in a 92-acre tract of land with Mr. Kinchen, and claimed to be the owner of a half interest in his cattle.
Mrs. Guitreau testified that she had repaid Mr. Kinchen in cash for many of his expenditures, but was unable to offer any further evidence in support of that claim.
Under the foregoing circumstances, we do not believe that plaintiffs have carried the burden of proving any obligation to them on the part of Mr. Kinchen. They are therefore not entitled to realize on the pledged security.
The judgment appealed from is therefore affirmed, at plaintiffs’ cost.
AFFIRMED.
LANDRY, J., concurs for reasons assigned.