LANDRY, Judge,
concurring.
Although I agree with the result reached herein I disagree with the following statement contained in the majority opinion:
“Since all of the notes sued on could only be used as collateral by Mr. Kinchen, the delivery thereof to Mrs. Guitreau must be considered as a pledge thereof.”
In support of the foregoing premise the opinion cites La.CC Article 3158 and Baker Bank and Trust Company v. Behrnes, 217 So.2d 461 (La.App. 1st Cir. 1968). My review of these authorities indicates that they deal with the requirements of pledge, not with the possible use of a promissory note.
I deem the quoted statement inaccurate in that it assumes that a collateral mortgage note cannot be used to represent a specific debt. I find this contrary to the jurisprudence established in Thrift Funds Canal, Inc. v. Foy, 261 La. 573, 260 So.2d 628 (1972), to the effect that the nature of the creation of the security device and the intent of the parties determines whether a mortgage is one to secure a specific debt; to secure future advances; or to be pledged as collateral security. In short, I believe that a note and mortgage which may be pledged as collateral security may also be given to secure a specific debt, depending upon the intent of the parties.
In this instance the title “Collateral Mortgage Note” appearing on two of the three notes given Mrs. Guitreau is strong indication that decedent intended to pledge the notes rather than deliver them as payment of a specific debt. This, coupled with Mrs. Guitreau’s testimony that she was to hold the notes until decedent made provision for her in his will, supports the conclusion that the notes were pledged as security for the primary debt, that is, Mrs. Guitreau’s services.
I find that the record supports the conclusion that Mrs. Guitreau did not carry the burden of proof in establishing the primary debt.
Although not required to produce written evidence of the alleged debt, Mrs. Guitreau *319 was obligated to prove its existence. New Orleans Silversmiths, Inc. v. Toups, 261 So.2d 252 (La.App. 4th Cir. 1972) writ refused, 262 La, 309, 263 So.2d 47.
I repeat that my sole disagreement with the majority opinion is its holding that the notes in question could be used only for security and could not be used to represent a specific debt. In my judgment there is no reason why such notes cannot be used to secure a specific debt if the parties involved so intended. In this instance, I find that the record supports the conclusion that decedent intended to pledge the notes.
For these reasons I concur in the result.