JONES *vs.* BISHOP.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The plea of payment admits the debt once existed, but has been paid; and unless the defendant *proves* payment, it will be considered as still existing and the plaintiff will have judgment.

Where the defendant pleads the general issue, and payment, the pleas are contradictory, and the latter will prevail.

This is an action instituted for the balance of an account, amounting to one thousand and forty-eight dollars and fifty cents, according to a statement of the account between the parties annexed to the petition.

The defendant pleaded the general issue, payment, and want of an amicable demand; and then sets up a demand in reconvention.

The cause was tried on the pleadings alone. There was no attempt to sustain the demand in reconvention.

Judgment was rendered in favor of the plaintiff, for the amount of his claim. The defendant appealed.

*Shepard*, for the plaintiff.

1. General denial and the plea of payment are inconsistent pleas, and the latter is a waiver of the former. *Ferguson* vs. *Thomas*, 3 *Martin,* N. S., 75. *Dean* vs. *Jackson*, 1 *Ibid.*, 127. *Bryan* vs. *Dunseth*, 412. *Vavaisseur* vs. *Bayon*, 11 *Martin*, 639. *Judice's Heirs* vs. *Brent*, 6 *Martin*, N. S., 226. *M'Micken* vs. *Brent*, 6 *Ibid.*, 150.

2. An averment, that an obligation has been discharged, dispenses with proof of its execution. *Narba* vs. *Barbin*, 3 *Martin*, N. S., 373.

3. It is evident, that the appellant has appealed from the lower court merely to postpone the payment of a just debt, and the appellee therefore prays, that the judgment of the court *a qua* may be confirmed, with ten per cent. damages, as in the case of frivolous appeal.

*Carter,* for the defendant.

1. This case was decided upon the pleadings, against the defendant, on the ground that the plea of payment dispensed with any proof on part of plaintiff, to maintain his claim. The answer alleges a general denial, and then pleads payment. This plea must be considered as an assertion by the defendant, that even if the plaintiff had performed the services for defendant, as he alleges, that he had been paid. This construction of the pleas in the answer, accords with common sense, and should have been so construed by the court below.

2. The judge of the District Court in his opinion, admits that the doctrine contended for by the plaintiff, *"has been carried too far,"* and that *"it is not applicable to the present case;"* yet, strange to say, gives judgment against the defendant, by the application of this very doctrine. The counsel would refer the court to that opinion, as containing a just answer to the points filed by the appellee.

*Carleton, J.,* delivered the opinion of the court.

The petitioner sues for a balance of account, claimed for services rendered as the agent of the defendant. For answer, the defendant "denies all and singular the allegations contained in the petition, and pleads payment and want of amicable demand," and concludes with reconvening the plaintiff for nine hundred and forty-five dollars, for which he prays judgment, with costs.

At the trial of the cause in the court below, the plaintiff introduced no testimony, but relied solely upon the plea of payment as an acknowledgment of the debt. The court was of that opinion, rendered judgment accordingly, and the defendant appealed.

No attempt was made to establish the payment, or to prove the sum claimed in reconvention. The controversy is made, therefore, to turn entirely upon the effect of the plea of payment, and is the only question presented for our consideration. We do not think it one of difficult solution.

The plaintiff demands a sum of money, which he alleges to be due; the defendant replies he has paid it. It is plain the existence of the debt is thereby acknowledged; for he cannot have paid a debt which had no existence. Unless he can therefore prove payment, it follows that the debt still exists.

But the defendant insists, that by denying generally, he disputes the debt; that is, he denies the debt ever existed, though he avers he paid it.

It would be difficult for him, by any subtlety of logic, to extricate himself from this contradiction.

The question then recurs, which of the contradictory pleas shall prevail? We answer, the plea of payment. This court has frequently decided this point, conformably to the opinion here expressed. 3 *Martin, N. S.,* 77, 375. 6 *Ibid.,* 227, 250.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
*June,* 1838.

The plea of payment admits the debt once existed, but has been paid; and unless the defendant *proves* payment, it will be considered as still existing, and the plaintiff will have judgment.

Where the defendant pleads the general issue and payment, the pleas are contradictory, and the latter will prevail.