SOMMERVILLE, J.
Relator, who is the substituted plaintiff in the cause, asks that the judgment of the Court of Appeal be reviewed and reversed, and that the judgment of the district court in his favor be affirmed.
Plaintiff sued upon four promissory mortgage notes, as owner thereof. He impleaded John J. Chaney, the maker and indorser of the notes in blank, as defendant. Richmond Chaney, the father of defendant and owner of the property, intervened and resisted the claim of plaintiff on the ground that the act of sale sued upon was simulated.
The first error assigned by plaintiff in the judgment of the Court of Appeal is that the court erroneously held that plaintiff had no right to sue as owner of the mortgage notes as he had accepted them in pledge, as collateral security, for an existing debt of Richmond Chaney, intervener.
[1] The ruling of the court was in error. It was held in Fidelity Deposit & Casualty Co. of Maryland v. Johnston, 117 La. 880, 898, 42 South. 357, 363:
“It is hornbook law that the holder of a note, such as the one here sued on, passing by delivery, may sue on it as owner, though not owner. Henn. Digest, p. 180; Louque’s Digest, p. 98. Of course, the equities of the maker cannot be cut off by the adoption of that form of proceeding.”
But in that case there was no question of cutting off equities; while in this case there is.
[■2] The second error assigned here is considering oral testimony not objected to to show that the plaintiff, the defendant, and the intervener had conspired to defraud a person not a party to the suit, and that the .act of sale was simulated and fraudulent. There was no error in so holding.
The record discloses that Richmond Chaney, an old, ignorant negro, who could not read or write, was the owner of his home and 120 acres of land, 40 acres of which were planted in cotton, and that he had been doing business with W. B. Thompson & Co., to whom he became indebted in the sum of about $500 in the year 1907. It also appears that he was doing'business with the Freiler Mercantile Company, Limited, the original plaintiff in this cause, and that he was indebted to that firm in the sum of perhaps $1,938.21. W. J. Tidwell, witness for plaintiff and manager of the Freiler Mercantile Company, testified on the trial that he wished to secure the debt due by Richmond Chaney to his company, and that he suggested to Richmond Chaney that he make an act of sale of his property to his son so as to protect the property from any seizure that Thomp *141 son & Co. might cause to be made, and for the further purpose of giving to the Mercantile Company the notes, representing part of the purchase price of the property, as security for the debt of Chaney to the company. No mention of taking the notes as security was made until the trial. Plaintiff claimed the notes as owner. The act of sale was passed at the instigation and suggestion of Tidwell, the manager of plaintiff’s company. The sale was a pure simulation, without consideration, and without delivery by Richmond Chaney to his son John J. Chaney, defendant in this cause. The record does not show whether Thompson & Co. attempted to seize the property, or that Thompson & Co. attempted to collect its debt from Chaney.
Tidwell distinctly testified that plaintiff took the notes as collateral security for the debt due by Chaney to it and to protect plaintiff’s claim against Chaney from loss, although plaintiff sues as owner of the notes, and not as holder thereof as security. It asked for judgment for the full amount of the notes.
The testimony of Richmond Chaney, John. J. Chaney, and the notary before whom the act of sale was passed, all contradict Tid-well. The notary testified that Tidwell had him to go to Chaney’s house with him for the purpose of making an act of sale of some cattle, and after they arrived at Chaney’s house that he (Tidwell) asked that an act of sale of Chaney’s land and home be made in addition to the act of sale of the cattle, and that this was done; that John J. Chaney, the ostensible purchaser, and son of Richmond Chaney, was called into the house to sign the act of sale, and no money whatever was passed, although the title deed recites that the purchaser paid $150 in cash. The notary testified that Tidwell suggested and engineered the entire transaction, and that plaintiff paid all the costs of the transfer.
Richmond Chaney, intervener, testified that he was not told that he was selling his property, and that he did not intend to sell it. He says that Tidwell told him to sign so as to protect his property from Thompson & Co. He further testified that Tidwell took the notes, and refused to deliver them to him (Chaney) subsequently on demand, saying that they had been destroyed and were worthless anyhow. He further said that Tidwell did not demand security for the debt due the Mercantile Company, and that he did not say that he was taking the notes as security. He says that Tidwell took possession of the notes without his (Chaney’s) consent.
John J. Chaney, his son, says that he was told by Tidwell to sign his name, and that he signed, but that he was not told that it was an act of sale, or that he was buying his father’s property, and he says that he did not buy it, and had never had possession of it He says that he was told to sign a “sham.”
Tidwell subsequently took the witness stand again, but he did not deny the testimony of these three witnesses.
Richmond Chaney asked that the act of sale referred to be declared fraudulent and simulated, and that plaintiff’s suit be dismissed.
Aside from the testimony of Tidwell that Richmond Chaney was indebted to the Frei-ler Mercantile Company, Limited, in the sum of $1,938.21 in 1907, there is no testimony of an indebtedness by Chaney to the company.
[3] There is testimony to the effect that Chaney continued to do business with the Mercantile Company, and that he was entitled to several credits during the years 1908, 1909, and 1910; but there is no testimony going to show any further indebtedness on the part of Richmond Chaney to plaintiff. The record therefore is not in condition to render a monetary judgment for plaintiff against Richmond Chaney. Plaintiff has only asked that execution issue on the notes held *143 by it and that it be paid by preference out of the proceeds the amount represented by the four mortgage notes, with interest.
[4] The plaintiff is not a holder of the notes sued upon in due course, and it did not take them in good faith and for value, and, at the time they -were taken by it, it had notice of the infirmity in the instrument and the defect in the title of John J. Chaney, the ostensible maker of the notes. Besides, the negotiation for the notes was not made with John I. Chaney, hut with Richmond Chaney, the payee thereof. Under such circumstances plaintiff is not entitled to the seizure and sale of the .property standing in the name of John I. Chaney, who was not a creditor of said plaintiff at the time that John I. Chaney signed and indorsed the notes. Plaintiff knew that John I. Chaney was not a debtor of it; that he was not the owner of the property which was mortgaged; and that it did not receive the notes from John I. Chaney, but from Richmond Chaney, who was the debtor of plaintiff, and who was the real owner of the property in question.
Plaintiff is not suing on an account or for a money judgment, and no such judgment can be rendered for it.
There will be a judgment in favor of Richmond Chaney, intervener, dismissing the plaintiff’s suit.
In his intervention Richmond Chaney asked for a judgment against plaintiff declaring him, the intervener, to be the owner of the four notes filed with plaintiff’s petition, and that there be judgment in favor of him and against John I. Chaney decreeing the act of sale and mortgage above referred to to be a simulation, and that he be decreed to be the owner of the land described in the act of sale and mortgage.
All of the parties are in court, and they have been heard.
It 'is- therefore ordered, adjudged, and decreed that the judgments of the Court of Appeal and of the district court be annulled, avoided, and reversed, and that there now be judgment in favor of defendant John I. Chaney and against plaintiff dismissing this suit, reserving to plaintiff any rights it may have against intervener. It is further ordered that there be judgment in favor of the succession of Richmond Chaney, intervener, and against Freiler Mercantile Company, Limited, Walter C. Kent, substituted plaintiff, decreeing the succession of Richmond Chaney to be the owner of the four notes described in plaintiff’s petition, and that they be delivered to Diddy Chaney, administratrix; that there be further judgment in favor of the succession of Richmond Chaney, intervener, and against John I. Chaney, defendant, decreeing the pretended act of sale and mortgage of date January SO, 1907, referred to in plaintiff’s petition, to be simulated and fraudulent; and that the succession of Richmond Chaney be declared to be the owner of the land described in the said act of sale and mortgage, and that the costs of court be paid by plaintiff and relator.