**MADISON v. JACKSON**

———

(June 18, 1928.  Opinion and Decree.)
(July 2, 1928.  Rehearing Refused.)

———

Loys Charbonnet, of New Orleans, attorney for defendant, appellee.

Woodville & Woodville, of New Orleans, attorneys for plaintiff, appellant.

JONES, J.  This is a suit by one sister to recover $1400 from another sister for nursing services rendered a sick and decrepid old colored woman.

It was originally brought during the lifetime of Nancy Jackson and was served upon her just three days before her death. Later a supplemental petition was filed making the executor of defendant party to the suit.

From a judgment dismissing plaintiff's suit, this appeal is prosecuted.

Defendant filed an exception of no cause of action on the ground that the debt sued for was a community debt, as defendant had never been legally separated from her husband.

Earnest argument has been made in this court that the exception should have been maintained, as the husband is the lord and master of the community and responsible for the debts thereof. This argument is inapplicable here.

The evidence shows that the entire estate of the deceased was paraphernal, the principal asset being a house and lot in this city, partly inherited from her first husband and partly purchased from her two children. This real estate was inventoried at $1200. Besides this she had $73 in cash and other movables.

Although the record is voluminous and there is much evidence from many witnesses as to the visitors at plaintiff's house during the last illness of defendant, which continued 14 months from June 23, 1922, to September 5, 1923, no mention is anywhere made of defendant's husband, Will Jackson, who seems to have been living separate and apart from his wife for several years prior to her death, as he had ceased to live with the defendant long before she moved to plaintiff's house.

Plaintiff testifies that defendant received her own rents as a rule, only once had she asked her to take a dollar from a tenant and give a receipt for it.

Defendant's daughter testifies her mother got about $20 or $25 per month as rent from the house and also sick benefit from two insurance societies.

The executor, Louis Young, testifies his mother got at one time, when all the rooms of her house were filled, $38 per month for rent and that he paid her an additional sum each month. Unquestionably, therefore, defendant had reserved to herself the administration of her separate property.

Art. 2389 of the Civil Code provides:

"If all property of the wife be paraphernal, and she have reserved to herself the administration of it, she ought to bear a proportion of the marriage charges, equal, if need be, to one-half her income."

In construing this article the Supreme Court said in Succession of Plauche, where the physician and nurse during the last illness of the wife filed claims against her separate estate:

"The trial judge erred however in allowing the whole amount of these two claims; they are community debts for one-half of which only the succession of the wife is liable."

In Mrs. Lesdernier v. Her Husband, 45 La. Ann. 1364, the Supreme Court said:

"The wife can only be called to contribute one-half of the income of her paraphernal property of which she retains administration."

In Chopin v. Harmon and His Wife, the

court held that the wife was not bound because there was no proof that she had separate property under her administration.

We think that the wife's estate here is liable to the extent of one-half her income, if the services and a value exceeding that sum be proved.

In his answer defendant denied articulately the allegations of petition as to her services, but in the trial of the case he attempted without objection to prove payment.

The evidence had the effect of enlarging the pleadings.

Wykoff v. Miller, 48 La. Ann. 475, 19 So. 478.

Young v. T. & P., 51 La. Ann. 295, 25 So. 69.

Blackburn v. La. R., Etc., Co., 128 La. 319, 54 So. 865.

O'Reilly v. Irwin, 143 La. 81, 78 So. 245.

Freiler Merc. Co. v. Chaney, 146 La. 138, 83 So. 436.

A plea of payment admits the validity of the debt.

McMicken v. Brent, 6 Martin (N. S.) 49.

Jones v. Bishop, 12 La. 397.

Dernfield v. Aymer, 3 Martin (N. S.) 270.

Gails v. Schooner Osceola, 14 La. Ann. 54.

Reiner's v. St. Ceran, 23 La. Ann. 384.

Landry v. Delas, 25 La. Ann. 18.

Though the evidence is highly conflicting as to payment, we think the weight thereof is in favor of plaintiff, who rendered valuable services as a nurse under most trying circumstances, as the disease was painful and revolting.

The evidence shows that plaintiff received as a rule from $25 to $30 per month in rent, but there is no proof as to her taxes, insurance or expenses, nor is there proof as to the amount of sick benefit insurance she received.

In the case of Mrs. Dauenhauer v. Succession of Samuel Brown, 47 Ann. 341, 16 So. 827, where a nurse, who had sued on a quantum meruit for her services during the last illness, had been allowed $2,800, the Supreme Court found the amount exorbitant, although the estate of the deceased was inventoried at $60,000. Though the plaintiff had faithfully nursed the deceased, who was in a helpless condition, and had discharged menial services about his person, the court fixed the compensation at $3.00 per day for 365 days.

Under the above decision we think that the value of the services of plaintiff have been exaggerated and that she could not recover the amount claimed were the estate much larger.

We fix the income of deceased at $27.50 per month and we think plaintiff entitled to recover for one-half of that amount for 14 months.

The judgment is reversed.

It is ordered, adjudged, and decreed that there be judgment in favor of plaintiffs, Archais F. Madison and Frederick Madison, against defendant, Louis N. Young, as executor of the estate of Nancy Jackson in the sum of $192.50, with legal interest from September 7, 1923, and all costs.