152 So. 746

### BANK OF MINDEN & TRUST CO. v. BARRON.

No. 31859.

Jan. 29, 1934.

Stewart & Stewart, of Minden, for appellant.

Stephens & Stephens, of Coushatta, for appellee.

O'NIELL, Chief Justice.

This is a suit on a promissory note, signed by the defendant, made payable to his own order, and indorsed by him. The note is for $2,400, is dated February 4, 1921, and was payable on December 1, 1921. It is identified with and secured by a special mortgage granted by the maker, B. F. Barron, on February 4, 1921, on 120 acres of land—not in favor of any named mortgagee but in favor of any and all future holders of the note. It is alleged in the plaintiff's petition that B. F. Barron, maker of the note, made a payment of one dollar on the note, on March 2, 1926, and indorsed and signed a statement to that effect, on the back of the note, of that date.

The defendant filed a plea of prescription of five years, which was sustained. The plaintiff has appealed.

No evidence was received in support of the plaintiff's allegation that the defendant had interrupted prescription, by paying one dollar on the note, on March 2,

1926, and by indorsing and signing an acknowledgment thereof on the back of the note. The reason why no evidence was received to show the alleged interruption of prescription was that the attorneys for the plaintiff admitted that the mortgage note sued on was not owned by the bank, but was pledged to the bank by the defendant to secure the payment of another note, which he owed the bank. The district judge was of the opinion that the maker of a promissory note, who had pledged the note to secure the payment of a debt owed by him, could not interrupt prescription on the pledged note by making a partial payment on it, because, being only the pledgor, and not the transferor, of the note, he was yet the owner of it. That is the same as to say that, when the maker of a promissory note pledges it to secure the payment of a debt which he alone owes, the maker of the note becomes both the payor and the payee—and if it be a mortgage note he becomes both the mortgagor and the mortgagee—which, of course, is an impossible situation or condition.

It is true that a pledgee of a negotiable promissory note is not the owner of it; but, if the note is pledged by the maker of the note, to secure a debt which he alone owes, the pledgee has all of the rights of an owner of the note, to the extent of the debt which it secures; and hence he may retain the note until the debt is paid, and may sue upon it in his own name, and as an owner, at its maturity, if it is properly indorsed. Fidelity & Deposit Co. v. Johnston, 117 La. 880, 42 So. 357; Freiler Mercantile Co. v. Chaney, 146 La. 138, 83 So. 436. Inasmuch as the pledgee of a promissory note may interrupt prescription by bringing suit on the note, he may have the maker interrupt prescription by signing an acknowledgment or by making a payment on the note, even though the maker himself is the pledgor of the note. The reason for that is that, quoad the debt which the pledgor owes to the pledgee, the latter has, temporarily, the rights of an owner of the note. If it were not so, the debt represented by the pledged note would be extinguished by confusion—by the maker's being the owner of the note.

The judgment appealed from is set aside, and the case is ordered remanded to the district court for the introduction of evidence in support of the allegation that prescription was interrupted by an acknowledgment or a payment on the note sued on, and for further proceedings consistent with the opinion rendered herein. The costs of this appeal are to be paid by the defendant, appellee; all other court costs are to abide the final disposition of the case.