## DEL BONDIO v. ALBRECHT.

### No. 16967.

Court of Appeal of Louisiana. Orleans.

May 30, 1938.

William Donnaud, of New Orleans, for appellant.

Gill & Simon, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by Mrs. Mildred Del Bondio Treigle against J. Ulrich Albrecht in which it is alleged that the plaintiff is a holder in due course of a certain promissory note signed by defendant, dated April 3, 1936, drawn to the order of plaintiff and calling for $1,000.00, payable on demand with interest at the rate of 6% per annum from maturity until paid; that said note is paraphed "Ne Varietur for identification with an act of chattel mortgage passed before Herbert W. Kaiser, late Notary Public, on April 3, 1936"; that the act of chattel mortgage provides for attorneys fees of 10%; that $325.00 has been paid on account of the principal of the note sued on, leaving a balance of $675.00 due. The petition concludes with a prayer for judgment for the principal of the note, interest and attorneys fees, less payments made, and for recognition of a lien and privilege on the personal property mortgaged by defendant.

To this petition the defendant filed exceptions of vagueness, no cause or right of action, res judicata and lis pendens. The exceptions were overruled and defendant given ten days to answer. In his answer defendant denied categorically each and every allegation of plaintiff's petition except those contained in paragraph 2 to the effect that the petitioner was the holder in due course of the note sued on. On the day of the trial of the case on the merits defendant presented a supplemental answer in which it was alleged that the note sued on was given in pledge as partial

security for the purchase price of a real estate business known as "Del Bondio Real Estate" from the plaintiff; that "as a matter of law your defendant specially pleads that the defendant cannot proceed on or seek to enforce the note in question unless and until said plaintiff obtains a judgment on the contract of sale hereinabove referred to and obtains legal possession of said note according to law"; that the purchase price of the real estate business was $1500.00, payable $500.00 in cash and the balance at the rate of $25.00 per month and that all payments due had been paid. The answer also set forth a claim for damages in the sum of $3500.00 in compensation.

■ On the trial of the case objection was made to the introduction of any proof of alleged damages as set forth in the supplemental answer upon the ground that an unliquidated claim cannot be pleaded in compensation against a liquidated one, such as that based upon a promissory note. This ruling was correct. See Article 2209, Rev.Civ.Code. Counsel for defendant then offered in evidence the original record in the case No. 223,477 of the docket of the Civil District Court entitled "Mrs. Mildred Del Bondio Treigle v. J. Ulrich Albrecht", the foreclosure suit, and also that of 222,-857 entitled "J. Ulrich Albrecht v. Mrs. Mildred Del Bondio Treigle", a suit for damages based upon the same facts pleaded in compensation. Plaintiff objected upon the ground that the answer of defendant being, in effect, a general denial, nothing contained in the record would be admissible. The court sustained the objection, but allowed the exhibits offered to be placed in the record as a part of a bill of exceptions. No other evidence was adduced upon the trial except the offer of the note itself and evidence of the plaintiff showing certain credits reducing it in accordance with the allegations of her petition.

There was judgment below in plaintiff's favor as prayed for and defendant has appealed. Plaintiff has answered the appeal and asks for 10% damages for frivolous appeal.

A brief narrative of the facts surrounding the transaction between the plaintiff and defendant is necessary. On the 3rd day of April, 1936, Albrecht bought the real estate business known as "Del Bondio Real Estate" from Mrs. Mildred Del Bondio Treigle, for a consideration of $1500.00, paying $500.00 in cash and agree-

ing to pay the balance at the rate of $25.00 per month. The sale was by notarial act before H. W. Kaiser, late Notary Public. For some reason, possibly because Albrecht could give no other security, a chattel mortgage for $1,000.00 was placed upon the furniture in the premises, No. 415 Carondelet Street, where the business was, at that time, conducted. A note for this amount payable to Mrs. Treigle was executed by Albrecht. On the 22nd day of September, 1937, under the No. 223,477 of the docket of the Civil District Court, Mrs. Treigle filed suit seeking, by executory process, to foreclose the chattel mortgage on the furniture. Before the order of executory process was signed the defendant in the suit, Albrecht, filed a petition for an injunction in which it was set up that the $1,000.00 note sued on was given as partial security for the payment of the unpaid balance of the purchase price of the real estate business which Albrecht had bought from Mrs. Del Bondio Treigle, and that the mortgage note sued on having been received in pledge, it could not be the subject of a direct action before the condemnation of the pledge. An order for a rule nisi was issued on this petition and, upon the trial of the rule, judgment was entered dismissing the petition for executory process filed by Mrs. Del Bondio Treigle and dismissing the rule nisi for a preliminary injunction filed by Albrecht. On the bottom of the petition for executory process the Court gave the following reasons:

"Refused as collateral mortgage, can be foreclosed on only after proof of default or ordinary action, and as act does not make full proof."

■ After the dismissal of the executory process, Mrs. Treigle brought this suit via ordinaria, on the same note which had been the basis of her application for executory process. The plea of res judicata is grounded on the action of the Court with respect to the suit for executory process and the rule nisi for injunction. It is not well founded. The issue in the suit for executory process is not the same as the present one which is an ordinary suit. Moreover, all that was done in the original suit was to refuse plaintiff's demand for executory process and defendant's plea for an injunction.

■ The exception of no cause of action is based upon the contention that the note sued on is a pledge given as

partial security for the payment of the balance of the purchase price of the real estate business, and that it is, therefore, an accessory contract which, under article 3165 of the Revised Civil Code, cannot be enforced until the original obligation is in default. This contention is inconsistent with the admission in his answer to the effect that plaintiff is a holder in due course. Having admitted that plaintiff was the owner of the note he should not be permitted to prove that she was not the owner but the pledgee. Moreover, the note sued on is payable to the order of Mrs. Mildred Del Bondio Treigle and, if it be considered to be pledged, it was given to secure a debt of Albrecht, the maker. Considering Mrs. Treigle the pledgee of the note, she would have the right to sue on it as owner. In the case of Bank of Minden & Trust Company v. Barron, 178 La. 1023, 152 So. 746, our Supreme Court, through Chief Justice O'Niell, said:

"It is true that a pledgee of a negotiable promissory note is not the owner of it; but, if the note is pledged by the maker of the note, to secure a debt which he alone owes, the pledgee has all of the rights of an owner of the note, to the extent of the debt which it secures; and hence he may retain the note until the debt is paid, and may sue upon it in his own name, and as an owner, at its maturity, if it is properly indorsed. Fidelity & Deposit Co. v. Johnston, 117 La. 880, 42 So. 357; Freiler Mercantile Co. v. Chaney, 146 La. 138, 83 So. 436. * * * The reason for that is that, quoad the debt which the pledgor owes to the pledgee, the latter has, temporarily, the rights of an owner of the note. If it were not so, the debt represented by the pledged note would be extinguished by confusion—by the maker's being the owner of the note."

The exception of lis pendens is based upon the former suit for executory process. But that suit was admittedly disposed of before the present one was entered, and therefore, could not form the basis of a plea of lis pendens if it could be said to be otherwise available for the purpose.

Our conclusion is that the judgment appealed from is correct. Plaintiff's request for damages for frivolous appeal will not be granted.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.