GLADNEY, Judge.
This suit by William C. McDaniel is for the purpose of collecting from Dominic Rumore accrued installments of a promissory note amounting to $400. The defendant admitted his indebtedness upon the note but by way of defense pleaded compensation, which plea is predicated upon a transaction involving the sale and delivery to the plaintiff of a car lift and impact wrench allegedly worth $800. Appellant contends that although delivery was made a certain price for these items has never been agreed upon by the parties. The record discloses on a date not disclosed, plaintiff mailed to defendant a check for $87 as payment for the articles purchased. Rumore testified the check is still being held by him and has not been cashed. The case was tried on its merits and resulted in a judgment in favor of McDaniel, subject to a credit of $87, hence this appeal by the defendant.
After a review of the evidence we find the defendant has entirely failed to substantiate his defense. McDaniel testified he agreed to pay defendant the sum of $87 for the two articles purchased by him, an amount appropriate to their value. His testimony was corroborated by B. F. Reeves, Jr., who related Rumore paid his vendor, Glenn Huff Buick, Inc., the sum of $50 for the car lift, which, at the time, had been discarded as junk. Other testimony fixed the value of the used impact wrench at about $35.
For an additional reason, however, we are convinced the plea of compensation should be denied. Compensation takes place only between two debts having equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind, and which are equally liquidated and demandable. Article 2209, LSA-C.C.
“A debt, says Pothier, is liquidated when it appears that something is due, and how much. Cum certum sit an debeatur & quantum debeatur. A contested debt, therefore, is not a liquidated one; and so cannot be set off, unless he who claims to set it off, has the proof in his hands, and be ready *862 to prove it promptly and summarily. 2 Pothier’s Obligations, n. 174.”
The foregoing quotation from Carter v. Morse, 8 Mart., O.S., 398 has been approved in Saunier v. Saunier, 1950, 217 La. 607, 47 So.2d 19, 22, 23, and Olinde Hardware & Supply Company v. Ramsey, La.App., 1957, 98 So.2d 835, 843.
Appellant’s pleadings and testimony disclose McDaniel never did agree to pay $800 for the car lift and impact wrench. As a consequence Rumore’s claim against McDaniel may not be considered as equally liquidated and demandable as the obligation of Rumore to McDaniel.
It follows from the reasons above set forth we find no error in the judgment reviewed on the appeal, and, therefore, the decision of the trial court is affirmed at appellant’s cost.
HARDY, J., absent.