## SECURITIES AND EXCHANGE COMMISSION

v.

## AFFILIATED INVESTMENT CORPORATION et al.

### Civ. A. No. 13728.

United States District Court
W. D. Louisiana,
Lafayette Division.

Aug. 23, 1968.

Gerald E. Boltz, Robert F. Watson and Thomas W. McIlheran, Securities & Exchange Commission, Fort Worth, Tex., for plaintiff.

Charles N. Wooten, Lafayette, La., for Emile C. Toups, receiver of Affiliated Inv. Co.

Billye L. Adams, Monroe, La., Charles J. Winikates, Maurice J. Bates, Dallas, Tex., and Lee P. Ward, Jr., Houston, Tex., for defendants Affiliated, Lank, Williams and Kimball.

Hewitt B. Johnson, Monroe, La., for Walter H. Johnson & Holiday Fin. Co., Inc.

J. Carl Parkerson, Monroe, La., for Warren L. Spillers & Holiday Fin. Co., Inc.

Adams & Reese, W. Ford Reese, New Orleans, La., for Charles F. Parker.

Garrett Carl, Clifton S. Carl, New Orleans, La., for Vincent L. Goodman.

Phelps, Dunbar, Marks, Claverie & Sims, Jack M. Gordon, New Orleans, La., for Hibernia Nat. Bank in New Orleans.

Jones, Blackwell, Chambliss, Hobbs & Henry, James A. Hobbs, West Monroe, La., for American Bank & Trust Co. in Monroe.

## REASONS FOR JUDGMENT

PUTNAM, District Judge.

This matter came before this Court upon the motion by the Receiver seeking an order to obtain possession of certain funds belonging to Affiliated Investment Corporation and on deposit in an account with the American Bank and Trust Company in Monroe, Louisiana. The matter was set for hearing on June 24, 1968 and at said hearing a stipulation was made in open Court and by consent of all parties was submitted for decision upon the stipulation. After considering the stipulation and exhibits, the Court makes the following findings of fact:

(1) Emile C. Toups was appointed Receiver for Affiliated Investment Corporation by this Court on April 23, 1968.

(2) On the aforesaid date, the Receiver caused notice of his appointment to be made upon all banks wherein Affiliated Investment Corporation maintained its accounts, including the American Bank & Trust Company in Monroe, Louisiana.

(3) On the aforesaid date, there was on deposit with the American Bank & Trust Company in Monroe in the name of Affiliated Investment Corporation the sum of $32,146.00.

(4) On the aforesaid date, Mr. John Vines, one of the note holders of Affiliated Investment Corporation, was indebted to the American Bank & Trust Company in Monroe on a promissory note dated December 28, 1967 payable on demand in the full sum of $30,500.00 and had pledged as collateral to secure said indebtedness various notes held by him from Affiliated Investment Corporation which exceeded the balance on deposit of that corporation in the American Bank & Trust Company in Monroe.

(5) Prior to notice of the appointment of a Receiver for Affiliated Investment Corporation, the American Bank & Trust Company in Monroe made no demands upon Mr. Vines to pay his indebtedness nor was any attempt made by it to exercise any rights it may have possessed against the notes of Affiliated Investment Corporation under its written pledge agreement with Mr. Vines.

(6) There was no written agreement between the American Bank & Trust Company in Monroe and Affiliated Investment Corporation concerning the right of the American Bank & Trust Company to offset any deposits of Affiliated Investment Corporation against any indebtedness which it may have owed the aforesaid bank.

(7) After demand by the Receiver, the American Bank & Trust Company refused to turn over possession of any funds on deposit with it belonging to Affiliated Investment Corporation, claiming to exercise its right to setoff as owner of the collateral pledged to it by Mr. John Vines.

(8) Many of the notes of Affiliated Investment Corporation payable to John Vines and held as collateral by the American Bank & Trust Company on their face were not due and payable as of April 23, 1968.

(9) Mr. Don Williams, office manager for Affiliated Investment Corporation in Monroe, Louisiana, made oral representations to the Executive Vice President of the American Bank & Trust Company in Monroe, Mr. Sneed, at the time the original loan was made by the American Bank & Trust Company to Mr. Vines that Affiliated Investment Corporation would pay its notes to Mr. Vines upon demand and further a written financial statement was presented to the American Bank by Mr. Williams showing the

solvency of Affiliated Investment Corporation.

From the foregoing findings of fact, the Court makes the following conclusions of law:

■ Prior to the appointment of a Receiver, there was no direct relationship of debtor and creditor between Affiliated Investment Corporation and the American Bank & Trust Company except that relationship which came about and arises between a bank depositary and its depositor. Upon the appointment of a Receiver for Affiliated Investment Corporation, the Receiver became legal owner entitled to possession of all assets of the debtor corporation wherever located subject to any valid and existing claims thereon. The bank takes the position that since the office manager of Affiliated Investment Corporation presented false and mis-leading statements to the bank inducing it to make the original loan to Mr. Vines, that it therefore was the victim of fraud and as of that moment Affiliated Investment Corporation became indebted to said bank in tort. It therefore assumes the position that the funds on deposit are subject to compensation since the bank and Affiliated Investment Corporation were indebted to each other.

Passing for the moment the question of fraud being practiced upon said bank since this record does not contain any actual evidence thereof, this Court finds that any indebtedness which may have been created from Affiliated Investment Corporation to the American Bank & Trust Company would not be such as would entitle the bank to compensation under Louisiana law.

■ Article 2209 of the Louisiana Civil Code defines compensable debts as follows:

"Compensation takes place only between two debts having equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind, which are equally liquidated and demandable."

It has been held in many cases by the Louisiana Courts that an unliquidated claim for damages cannot be pleaded in compensation against a liquidated claim based upon a promissory note. See Dël Bondio v. Albrecht, La.App.1938, 181 So. 610 and Spencer v. West, La.App.1961, 126 So.2d 423, 97 A.L.R.2d 1224.

■ In addition to the above, Article 2210 of the Louisiana Civil Code reads as follows:

"Compensation takes place, whatever be the causes of either of the debts, except in case:

(1) Of a demand of restitution of a thing of which the owner has been unjustly deprived.

(2) *Of a demand of restitution of a deposit* and of a loan for use.

(3) Of a debt which has, for its cause, aliments declared not liable to seizure."

The interpretation given this article was stated in Dauzet v. Simmsport State Bank, La.App.1964, 167 So.2d 681 wherein the Court held:

"A bank without express consent of the depositor, cannot apply funds on deposit in his account to the payment of a debt owed to the bank by the depositor."

Upon the foregoing findings of fact and conclusions of law judgment is awarded in favor of plaintiff, Emile C. Toups, and against the defendant, American Bank & Trust Company in Monroe, and formal judgment shall be prepared by plaintiff's attorney and submitted to the Court for signature.