344 So.2d 456 (1977)
AMERICAN BANK & TRUST CO. IN MONROE, Plaintiff-Appellee,
v.
CARSON HOMES, INC., et al., Defendants-Appellants.
AMERICAN BANK & TRUST CO. IN MONROE, Plaintiff-Appellee,
v.
Loyd C. FOX et al., Defendants-Appellants.
AMERICAN BANK & TRUST CO. IN MONROE, Plaintiff-Appellee,
v.
Loyd C. FOX, d/b/a Carson City Lumber Company, Defendant-Appellant.
AMERICAN BANK & TRUST CO. IN MONROE, Plaintiff-Appellee,
v.
LAKESHORE REAL ESTATE EXCHANGE, INC., Defendant-Appellant.
Nos. 13191-13194.
Court of Appeal of Louisiana, Second Circuit.
March 21, 1977.
Rehearing Denied April 25, 1977.[*]
Writ Refused June 8, 1977.
*457 Milton P. Masinter, New Orleans, for defendants-appellants Carson Homes, Inc., Lakeshore Real Estate Exchange, Inc., Loyd Fox, dba Carson City Lumber Co. & Loyd Fox individually.
Thomas H. Fowler, Jr., Monroe, for defendant-appellant Foundation Apartments, Inc.
Blackwell, Chambliss, Hobbs & Henry, by James A. Hobbs, West Monroe, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied in No. 13193, April 25, 1977.
PRICE, Judge.
In these consolidated suits American Bank and Trust Co. in Monroe seeks to collect the balance owed by Loyd C. Fox, Carson Homes, Inc., and Carson City Lumber Company, which are firms owned by Fox, on a series of promissory notes and to enforce four mortgage notes pledged to secure these loans. The mortgages cover three tracts of real estate owned by Carson Homes and one owned by Lakeshore Real Estate Exchange, a corporation under the ownership and management of Betty D. Fox, wife of Loyd Fox. The loans were to provide interim financing for a construction project of Fox and Carson Homes in Monroe.
Fox, Carson Homes, and Lakeshore Real Estate suffered financial difficulties and conveyed the mortgaged real estate to Lamar Construction Supply Co., Inc., a corporation owned by Mrs. Fox's brother.
Following a default in payment on the loans which the mortgage notes were given to secure, American Bank filed an executory process suit against Carson Homes and Lakeshore Real Estate. On writs of review, the Supreme Court held the mortgages were not by authentic act as they were not signed before a Notary and two witnesses and enjoined the executory proceeding. See American Bank and Trust Co. in Monroe v. Carson Homes, Inc., 316 So.2d 732 (La.1975). During the interim period between the rendition of the Supreme Court opinion and the filing of this proceeding, Lamar Construction transferred the mortgaged properties to Foundation Apartments, Inc.
Lamar Construction and Foundation Apartments were made parties to this suit to assert any opposition they had to the enforcement of the mortgages.
All defendants answered admitting the execution of the notes and mortgages, but contending the mortgages cannot be enforced against third parties since they were not in authentic form. Fox, Carson Homes, and Lakeshore Real Estate reconvened for damages of $2,035,000 based on allegations of fraud, deceit, and breach of contract by American Bank in failing to advance monies for the construction project as it had agreed to do. Lamar Construction and Foundation Apartments also reconvened for damages against American Bank for slander of their titles and other related damages.
American Bank filed a motion for summary judgment alleging there is no genuine issue of fact surrounding the validity of the notes sued upon or the balance owed thereon and that the signatures of the mortgagors have been judicially acknowledged by Loyd Fox in other proceedings. The plaintiff further alleges that Foundation Apartments has admitted having actual knowledge of the existence of the mortgages at the time of acquisition of the subject properties.
The district court granted summary judgment against Fox and Carson Homes on *458 three of the notes sued upon for the sums of $266,507.89, $89,359.56, and $5,000. Summary judgment was denied on the fourth note for $481,305.00 as the interest rate was at a variable percentage to be determined by the prime rate of First National City Bank of New York. American Bank filed a subsequent motion for summary judgment in which it remitted the stipulated interest on the fourth note and judgment was accordingly rendered for the principal amount of this note against Fox and Carson Homes.
These judgments recognized the validity of the mortgages and ordered the sale of the property to satisfy the judgments.
Foundation Apartments also filed a motion for summary judgment seeking a declaratory judgment holding the mortgages have no effect against the properties purchased by it from Lamar Construction. This motion was denied by the trial court.
Fox, Carson Homes, Lakeshore Real Estate, Lamar Construction, and Foundation Apartments have appealed making the following assignments of error:
(1) The defendants were prejudiced by the trial court's refusal to grant a continuance of the summary judgment hearing because of the inability of defendants' principal attorney to be present on this date.
(2) The judgment recognizing the validity of the mortgages was erroneous as they were not in authentic form and the properties covered thereby passed free and clear of these invalid mortgages to Lamar Construction and Foundation Apartments.
(3) The court improperly rendered summary judgment partially disposing of this litigation in view of defendants' reconventional demand for damages for fraud, deceit, and misrepresentation.
FIRST ASSIGNMENT OF ERROR
Defendants' complaint that they were prejudiced by the refusal of the trial court to grant a continuance of the hearing date on the motion for summary judgment is without merit. The motion for summary judgment was set for May 10, 1976. The May 10th hearing was upset after the defendants successfully urged the recusal of the judge who was to hear the motion. The hearing was then set for May 26th, but the May 10th deadline for filing of affidavits on the motion was retained. On May 26th, the hearing was again continued to June 2nd at the request of the defense attorneys. On June 2nd, the defendants sought another continuance, but the motion was overruled. The court extended the period for filing briefs or additional affidavits until June 10th. Defendants had no peremptory grounds for a continuance. The rejection of defendants' request was within the sound discretion of the trial court.
SECOND ASSIGNMENT OF ERROR
The trial court was correct in holding that the mortgages, although not authentic acts, put Lamar Construction and Foundation Apartments on notice that the properties covered by the instruments were encumbered, and their purchases were subject to the mortgages.
The instruments were recorded prior to the sale of the property to Lamar Construction and Foundation Apartments. It is not necessary that properly recorded mortgages be by authentic act to affect third persons. An instrument under private signature has the same effect. Stallcup v. Pyron, 33 La.Ann. 1249 (1881); Allen, West & Bush v. Whetstone, 35 La. Ann. 846 (1883).
All material facts underlying plaintiff's right to have the mortgages recognized as effective against the property now owned by Foundation Apartments are undisputed and were properly disposed of by summary judgment.
THIRD ASSIGNMENT OF ERROR
Defendants complain of the trial court's rendering a partial summary judgment and in permitting the plaintiff to remit a part of their demand after the original hearing to obtain the second summary judgment. A summary judgment may be granted for "all or part of the relief *459 for which he has prayed." LSA-C.C.P. Art. 966. After the remittitur removed the only disputed fact in connection with the $481,305 note the court clearly had the authority under this article to render an additional summary judgment.
Fox, Carson Homes, and Lakeshore Realty contend a summary judgment should not have been rendered because there is a genuine issue of fact raised by their demands for damages against American Bank for fraud, deceit, and misrepresentation on which they have demanded trial by jury.
A request for trial by jury does not of itself preclude a motion for summary judgment. Cheramie v. Louisiana Power & Light Company, 176 So.2d 209 (La.App. 4th Cir. 1965).
As we construe defendants' pleadings, the allegations of fraud, deceit, and misrepresentation are not urged as a defense to the demands of plaintiff, but are asserted as a separate cause of action for damages by reconventional demand. There are no affidavits filed in connection with these demands. The allegations of fact made by defendants in their reconventional demand are not directed at any invalidity in the confection of the notes or mortgages sued on or to dispute the balance owed thereon. The allegations relate to damages suffered by Fox and Carson Homes because of the refusal of the bank to carry out the full extent of its alleged commitment to provide financing for construction on a project started by these defendants. The damages sought are in essence urged as an offset or in compensation against the demands of the plaintiff.
The claims of defendants for damages are unliquidated. Compensation can only take place between two debts having equally for their object a sum of money or a certain quantity of consumable things of one and the same kind, and which are equally liquidated and demandable. LSA-C.C. Art. 2209. An unliquidated claim for damages cannot be pleaded in compensation against a liquidated claim based on a promissory note. Dial Real Estate, Inc. v. Isbell, 256 So.2d 133 (La.App. 3d Cir. 1971); McDaniel v. Rumore, 110 So.2d 860 (La. App. 2d Cir. 1959); Del Bondio v. Albrecht, 181 So. 610 (La.App. Orl. 1938).
The summary judgments have no effect on defendants' action for fraud which is separate and distinct from the undisputed issues covered by these partial judgments. The judgments are in accord with the provisions and intent of the summary judgment statutes, and they are affirmed at appellants' costs.
NOTES
[*] JONES, J., took no part in rehearing.