SCHOTT, Judge.
Under our supervisory jurisdiction we granted an application for writ of certiorari filed by Leda Towing Company, Inc., Leon C. Vial, III, and Dr. David J. Vial, relators. Respondents are Dean Towing Company, Inc. and Ethpran C. Dean.
This litigation was initiated on June 30, 1970, when General Leasing Company sued relators. Relators answered the suit denying liability, and thereafter filed a third party demand for indemnity against respondents.
The return of the sheriff shows personal service of the third party demand on Eth-pran C. Dean on June 22, 1971, and service on Dean Towing Company, Inc. through E. C. Dean, also on June 22.
On September 10,1971, relators entered a preliminary default against respondents on their third party demand. On April 11 and May 1, 1972, the case was tried, and on October 2, 1972, there was judgment in favor of relators, dismissing the main demand of plaintiff. No mention was made in the judgment of relators’ third party demand.
Plaintiff took an appeal to this court, and on November 30, 1973, we rendered a judgment reversing the judgment of the trial court and awarding a judgment to plaintiff against relators. General Leasing Co. v. Leda Towing Co., et al., 286 So.2d 802 (La.App. 4th Cir. 1973). As to the third party demand, we said the following:
“The defendant-appellee has requested us to render judgment in its favor against Dean Towing Company, based upon the third party demand filed by it. We are unable to do so because of procedural difficulties. The trial court below, apparently because of its dismissal of plaintiff’s suit, made no mention in its judgment of the third party demand. Appeal was taken by plaintiff. The defendant, (third party plaintiff) did not appeal nor did it file any answer to the appeal. Under these circumstances, we are unable to consider the third party demand.”
*933 We refused rehearing on January 8 of 1974, and the Supreme Court refused writs on March 1,1974, 290 So.2d 334, stating, “as for the third party demand, it is still pending in the district court.”
On May 8, 1974, relators took a default judgment against respondents confirming the preliminary default they had entered on September 10, 1971. On October 17, 1974, respondents moved for a new trial. The motion was argued on May 18,1977, and on June 29,1977, the trial court rendered judgment recalling and setting aside the judgment taken by relators on their third party demand and granting a new trial.
At issue is the validity of this judgment of June 29, 1977.
Once the preliminary default was taken by relators pursuant to LSA-C.C.P. Art. 1701 they were required to wait a minimum of two days before confirmation but could do so any time thereafter. Art. 1702. Respondents were charged with the knowledge that they were vulnerable to a default judgment. This situation was specifically noted by the trial judge when the trial commenced on April 11, 1972, as follows:
“THE COURT:
Okay. We’ll proceed with this matter insofar as the original plaintiff and defendant are concerned and allow plaintiff to put on its case and allow you to defend, and if you feel — of course, the Court will let you default Dean Towing Company. There’s no reason for that. They were notified to be here and I see a preliminary default entered in September against Dean Towing Company and Eth-pran C. Dean, individually. This Court will allow you to default them, and if you feel the records of Dean Towing Company and the records of Mr. Dean are essential to your defense in this matter, this Court at that time will consider leaving it open till we get Mr. Dean and Dean Towing Company into Court.”
Respondents’ vulnerability to a default judgment was not changed by the decision of this court or the writ action of the Supreme Court. Nothing in the law prevented relators from thereafter confirming this default.
In response to our present writ of certiorari respondents have attacked the form of the original third party petition and citation served on them in June, 1971. These objections should have been raised through declinatory and dilatory exceptions pursuant to C.C.P. Arts. 925 and 926, but such exceptions could not be pleaded after relators’ entry of preliminary default. Art. 928.
Respondents also suggest in their brief that they were somehow misled by Leon C. Vial, relator and attorney for all relators, into thinking that they (respondents) were simply witnesses in the case but not defendants vulnerable to a default judgment. Respondents claim that they were somehow relying on Mr. Vial in the premises.
These assertions might provide a basis for an action of nullity pursuant to Art. 2001 et seq. but they do not provide a proper basis for the trial court to have set aside a judgment which became final after the delays ran for an appeal and achieved the quality of res judicata pursuant to C.C. Art. 3556(31).
Accordingly, the judgment of the trial court dated June 29,1977, purporting to set aside the judgment of May 8,1974, in favor of relators and to grant respondents, Dean Towing Company, Inc. and Ethpran C. Dean, a new trial is annulled and set aside. Respondents are to pay all costs.
WRIT MADE PEREMPTORY.