WICKER, Judge.
The defendant, McDuffie’s Moving Service, Inc., appeals a partial summary judgment granted in favor of plaintiff, Medallion Insurance Agency, Inc., arguing that the trial judge failed to give sufficient weight to McDuffie’s countervailing affidavits in opposition to the motion. We affirm.
Medallion sued McDuffie’s on open account for the payment of premiums allegedly due for the issuance of five separate insurance policies. McDuffie’s answered in proper person and raised an affirmative defense: the insurer on one of the policies sold by Medallion was trying to have the policy declared null, resulting in a lack of coverage on certain claims against McDuf-fie’s. McDuffie’s also claimed Medallion should therefore be estopped from collecting premiums due on any of the policies sold and that McDuffie’s was entitled to set off (compensation) for “all damages, expenses and costs” incurred by virtue of Medallion’s fault.
Medallion attached to its motion for summary judgment an affidavit showing that only one of the policies in question was in dispute, with a premium of $2,500.00 owed. McDuffie’s, at this point represented by counsel, filed an affidavit in opposition, alleging that one or more of the policies was the subject of litigation to declare it or them void, and that as the result of that denial of coverage, multiple lawsuits had been filed against McDuffie’s with potential liability far in excess of the amount claimed by Medallion. The trial judge granted a partial summary judgment, for $2,000.00 less than the amount sued for, “reserving all rights to the plaintiff to prosecute the remaining issue herein.”
McDuffie’s brief alleges that the trial judge inquired of Medallion whether it had sufficient errors and omissions insurance to cover McDuffie’s claims and, having been assured that it did, granted Medallion’s motion. This claim is unsupported by anything in the record.
The only issue raised in the record before us is whether or not McDuffie’s claim of compensation raises a “genuine issue as to material fact_” La.C.Civ.P. art. 966. We hold that it does not.
Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due.
In such a case, compensation extinguishes both obligations to the extent of the lesser amount.
*1197 La.C.C. art. 1893. “... [A] contested debt is not a liquidated one and cannot be used as a basis for compensation. Hartley v. Hartley, 349 So.2d 1258 (La.1977).” Gautreau v. Southern Milk Sales, Inc., 463 So.2d 1378, 1383 (La.App. 3rd Cir.1985). McDuffie’s claim for damages potentially arising from suits against it is an unliqui-dated, contested debt. In. a similar case, the plaintiff sued on a promissory note; and the defendant raised as the compensation defense a claim for damages. The court held, “An unliquidated claim for damages cannot be pleaded in compensation against a liquidated claim based on a promissory note.” Am. Bank & Tr. Co. in Monroe v. Carson Homes, 344 So.2d 456, 459 (La.App. 2d Cir.1977), writ den. 346 So.2d 221 (La.1977). While McDuffie’s affidavit may have raised a factual issue, it is an issue which is not material to the four uncontested policies on which judgment was rendered.
It is clear to us that the judgment in Medallion’s favor is a partial summary judgment which awards to Medallion “part of the relief for which it has prayed.” La. C.Civ.P. art. 966. The judgment of the trial court is correct, and McDuffie’s must pay the costs of this appeal.
AFFIRMED.