542 So.2d 48 (1989)
Jean Barder, Wife of/and Samuel I. KATZ
v.
BRIAN INVESTMENTS, LTD.
No. 88-CA-1639.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1989.
Rehearing Denied May 17, 1989.
*49 Michael R. Daigle, New Orleans, for Jean Barder, wife of/and Samuel I. Katz.
Gibson Tucker, Jr., New Orleans, for Brian Investments, Ltd.
Before CIACCIO, WARD and PLOTKIN, JJ.
WARD, Judge.
Brian Investments, Limited appeals the granting of summary judgment in favor of Jean Barder Katz and Samuel I. Katz (Mr. and Mrs. Katz) on their suit on a promissory note. We affirm the ruling of the Trial Court.
Mr. and Mrs. Katz foreclosed by executory process on a promissory note secured by a mortgage on immovables owned by *50 Brian Investments, Limited.[1] Brian Investments petitioned to enjoin the foreclosure on the basis of Mr. Katz's lack of procedural capacity due to his interdiction as well as on the basis of want of authentic evidence. In its petition for injunction, Brian Investments also sought damages and attorney's fees for wrongful seizure. After substituting Gerson Katz, curator of Mr. Katz, as a party plaintiff, plaintiffs filed a petition converting the proceedings to ordinary proceedings and asked for a writ of sequestration to preserve the rents from the property. Brian Investments filed exceptions alleging improper citation and service of process, and an exception of lack of personal jurisdiction because of improper service. Brian Investments then filed an answer reserving its rights under the exceptions. Because plaintiffs obtained a preliminary default judgment before Brian Investments filed its exceptions and answer, the Court overruled the exceptions as untimely. Following discovery that proved the validity of the promissory note and amounts due thereunder, plaintiffs sought summary judgment in the amount of $206,618.90 representing principal, interest, insurance premiums and attorney's fees. The Court rendered judgment in plaintiffs' favor in the amount of $172,184.42, reserving for trial their request for $34,436.48 in attorney's fees.
Brian Investments assigns three errors in the Trial Court proceeding and urges for the first time in this appeal an exception of no cause of action pursuant to C.C.P. article 2163, arguing that the relief prayed for in both the petition for executory process and the petition that converted the suit to ordinary proceedings is unavailable.
As to its exception of no cause of action, Brian Investments contends that because plaintiffs in the petitions for executory process and proceedings via ordinaria sought a deficiency judgment which is unavailable in an executory proceeding, plaintiffs are not entitled to the relief granteda monetary judgment on the note.
This argument is without merit. C.C.P. article 862 charges the Trial Judge with the duty of granting relief to which the prevailing party is entitled, even if that party has not demanded that relief in pleadings and even if the pleadings do not contain a prayer for general and equitable relief. Factual allegations of the pleadings, not the prayer, determine whether a cause of action has been stated. Moreover, while it is true that the petition for executory process erroneously asked for a deficiency judgment, both the petition and the concluding prayer in proceedings via ordinaria clearly indicate the relief prayed for is a money judgment on the note.
Brian Investments contends the Trial Court erred by overruling its declinatory exceptions to the sufficiency of service of process and citation and to in personam jurisdiction of the Court. If there was insufficient citation, the proceedings are an absolute nullity and hence the Court had no jurisdiction over the person. C.C.P. Arts. 6, 1201. The executory proceedings did not require service of citation, and apparently none was made. C.C.P. Art. 2640. However, after Brian Investments filed its petition for injunction, plaintiffs served several supplemental and amending petitions on Brian Investments's counsel. After filing a petition converting the proceedings to via ordinaria, plaintiffs also made service of citation in the ordinary proceedings on Brian Investments's counsel of record in the injunction suit, not on its agents for service of process. Brian Investments argues service of process and citation on counsel is not sufficient; Brian Investments must be served directly.
We disagree. Brian Investments filed a petition to enjoin the executory proceeding and in the same proceeding, it petitioned for damages and attorney's fees for unlawful seizure. By doing this, it made a general appearance, submitting to the jurisdiction of the Court, at least in the executory proceedings. C.C.P. Art. 7. Forbess v. George Morgan Pontiac Company, 135 *51 So.2d 594 (La.App. 2d Cir.1961). Because service of process and citation by plaintiffs in the executory proceedings was unnecessary, it cannot be said Brian Investments waived service of process and citation by filing an injunction. What is unnecessary cannot be waived.
Nonetheless, when plaintiffs converted the proceedings to via ordinaria, the Trial Court had before it in the same lawsuit Brian Investments's petition for damages and attorney's fees for unlawful seizure. The Court obviously had jurisdiction over Brian Investments before the conversion petition by virtue of Brian Investments's petition, and the Court had jurisdiction after because the petition for damages was still pending in the same lawsuit. Therefore, it was not necessary for plaintiffs to make personal service to obtain jurisdiction. In this case the conversion petition is analogous to a reconventional demand in opposition to Brian Investments's claims for damages and attorney's fees, and as such, these pleadings may be served on counsel of record. C.C.P. Arts. 1063 and 1314.
Art. 1063. Service of reconventional demands citation unnecessary
The petition in reconvention ... shall be served on the plaintiff in the principal action in the manner prescribed by Article 1314. Citation of the plaintiff in the principal action shall not be necessary.
Art. 1314. Same, service by Sheriff
A pleading which is required to be served, but which may not be mailed or delivered under Art. 1313, (because an answer to a reconventional demand is required) shall be served by the sheriff, either on the adverse party ... or personally on the counsel of record of the adverse party.
Moreover, plaintiffs' amended petition related back to the original petition and by the literal terms of C.C.P. Arts. 1312 and 1314, every pleading subsequent to the original petition may be served on counsel of record of the adverse party. In this instance, service on counsel of the amended petition converting the proceedings to via ordinaria was sufficient.
By its second assignment, Brian Investments contends the Trial Court erred in overruling its exceptions as untimely.
C.C.P. article 925 requires that declinatory exceptions challenging sufficiency of service of process and citation must be pled prior to answer or judgment by default. In General Leasing Company v. Leda Towing Company, Inc., 350 So.2d 931 (La.App. 4th Cir.1977) this Court determined that the phrase "judgment by default" meant the entry of preliminary default pursuant to C.C.P. article 1701. The record clearly indicates a preliminary default was entered against Brian Investments approximately three weeks after service of citation and copies of the conversion petition on Brian Investments's counsel. Both the answer and exceptions were filed one week after entry of the preliminary default. Consequently, the exceptions not only lack merit, the Trial Court was correct in overruling the exceptions as untimely.
Brian Investments's last assignment is a two-part objection to the Trial Court's ruling granting summary judgment. Brian Investments does not contest the sufficiency of facts relied upon in granting the summary judgment but rather objects to a partial summary judgment leaving open the question of the amount of attorney's fees provided for in the promissory note. There is no error. Under C.C. P. article 966(A) the Trial Judge may render partial summary judgment as to all or part of the relief prayed for by one of the parties where the relief granted results in an enforceable money judgment on the question of liability under a promissory note.
Secondly, Brian Investments maintains the Trial Court improperly granted summary judgment because its claim for damages and attorney's fees resulting from wrongful seizure amounted to a set-off against amounts it owed under the promissory note. C.C. Art. 1893. It relies upon Brouillette v. Consolidated Construction Company, 422 So.2d 176 (La. App. 1st Cir.1982) as authority, but its reliance is misplaced. Brouillette did not *52 involve summary judgment; moreover, the Court in that case tried all claims, determining amounts due on the competing claims, which resulted in liquidated claims by all parties. Because the amounts of the claims were determined by the Court, compensation occurred by operation of law. In this case, Brian Investments's damages and attorney's fees have not been determined.
Although C.C. article 1902 grants the Court authority to declare compensation of an unliquidated claim, the claim must be "susceptible of prompt and easy liquidation." In American Bank and Trust Company in Monroe v. Carson Homes, Inc., 344 So.2d 456 (La.App. 2nd Cir.), writ denied 346 So.2d 221 (La.1977), a case with facts similar to this case, the Court held that "an unliquidated claim for damages cannot be pleaded in compensation against a liquidated claim based on a promissory note." 344 So.2d at 459.
The judgment of the Trial Court is affirmed. All costs of this appeal are assessed to Brian Investments.
AFFIRMED.
NOTES
[1] Although Sam J. Recile was also sued as a maker of the note, he has not appealed the Trial Court ruling.